337 P.2d 433

Agnes LUNDBERG, Plaintiff and Appellant,

v.

LeGrande P. BACKMAN, Defendant and Respondent.

No. 8896.

Supreme Court of Utah.

March 31, 1959.

Richard C. Dibblee, Salt Lake City, for appellant.

M. V. Backman, Salt Lake City, for respondent.

JONES, District Judge.

Action against attorney to recover damages for alleged negligence in defending a lawsuit. A motion for summary judgment was granted and an appeal taken. We hold that fact questions precluding summary judgment were presented. Reversed.

If the affidavits filed by the parties, in support of and against the motion, are to be conclusive on the question presented, one can readily conclude that no justiciable issue of fact remained to be re-solved. But our Rule 56 provides that not only the affidavits but the pleadings, admissions, and depositions (where appropriate) must be considered by the court in making its determination. We hold, therefore, that as against the general allegations of negligence contained in the complaint, the facts set out in the affidavits cannot be construed as totally superseding the pleading nor as containing such conclusive admissions of fact as to necessitate a summary judgment of dismissal.

By this holding we are not determining that this case must now be submitted to the trier of the facts on the merits. It may well be that after an answer is filed, and such other proceedings had as our Code contemplates, the trial court may conclude that no real controversy of fact, as to liability, remains. That question can be resolved at that time, and nothing herein contained should be construed as a predetermination in whole or part of such matter.

In view of the fact that the organized bar has seen fit to interest itself in this case, a further comment may be appropriate. Had the prevailing party in the previous action (which respondent "lost") seen fit to comply with the provision of Rule 77(d) and deposit an additional copy of the judgment obtained with the clerk of the court for service by mail on respondent, it is probable that the motion for a new trial would have been filed in time

60

and, no doubt, the instant action never commenced. It is obvious that unless our practitioners comply with this important rule in contested cases, other attorneys will be found representing themselves, instead of clients, in negligence actions.

WADE and McDONOUGH, JJ., concur.

WORTHEN, J., concurs in the result.

HENRIOD, Justice (dissenting).

I dissent since I believe the complaint contains but conclusions, not facts, so far as the question of defendant's negligence is concerned. As to the advice given by defendant to plaintiff that she had title to the subject property, I believe he was correct then and now, since the probate court's decree distributing the property to others than plaintiff, *in my opinion* was a nullity, the property being no more an asset of the estate in which purportedly it was distributed, than my home. The counter-affidavit of plaintiff contains a series of "ifs" all based on the false premises and implication that *if* defendant 1) had obtained an abstract of title, 2) *if* he had consulted his files in the probate and 3) *if* he had investigated the claims of the quiet title suit against plaintiff, complainants would not have prevailed. This is a non sequitur. How the examination of an abstract, or of previous files, or the investigation of claims of others could have made perfect a title in persons having no title, is difficult to understand.

The plaintiff here says if defendant had appealed, the case would have been reversed. This amounts to an admission that defendant's advice was correct.

The only issue of fact I can see in this case was precipitated when defendant withdrew from the case, unpaid and under fire, and sharing any attorney-client relationship he then may have had with two other lawyers whom plaintiff theretofore had consulted,—then filing a motion for new trial too late,—but not so late that plaintiff could not have had other counsel perfect an appeal.

I am of the opinion the summary judgment was well·taken.