358 P.2d 987

Agnes LUNDBERG, Plaintiff and Appellant,

v.

Le Grand BACKMAN, Defendant and Respondent.

No. 9212.

Supreme Court of Utah.

Jan. 30, 1961.

9. See 2 Walsh, Real Property, p. 430.

Crockett and McDonough, JJ., dissented.

Richard C. Dibblee, Salt Lake City, for appellant.

Backman, Backman & Clark, Salt Lake City, for respondent.

WADE, Chief Justice.

Agnes Lundberg appeals from a summary judgment in favor of Le Grand Backman in an action she instituted against him for alleged negligence in failing as her lawyer to properly defend a suit against her involving certain real property and in his negligence in failing to file a motion for new trial within time and in also failing to file an appeal to this Court or to withdraw in time so that some other attorney could perfect such an appeal. This is appellant's second appeal from a summary judgment in favor of Le Grand Backman in this matter. In the first appeal this Court held that the allegations in the pleadings and the facts set out in the affidavits did not warrant a summary judgment of dismissal but further pointed out that we were not holding that the case must be submitted to a trier of the facts on the merits. We there said:[1] " * * * It may well be that after an answer is filed, and such other proceedings had as our Code contemplates, the trial court may conclude that no real controversy of fact, as to liability, remains * * *".

The pleadings and facts presented to the court in the instant case differ from those in the original action in that appellant in addition to her allegation of negligence for failure to properly defend the action amended her complaint to allege that respondent herein was also negligent for fail-

1. Lundberg v. Backman, 9 Utah 2d 58, 337 P.2d 433, 434.

ing to file a motion for a new trial within the time prescribed by law, knowing that appellant was relying upon him as her attorney to do so thus causing her to lose her opportunity to have the trial court reverse its prior decision. Appellant further amended her pleadings to allege that respondent was negligent because knowing that appellant was relying upon him as her attorney, respondent failed to file a notice of withdrawal as such attorney in time for appellant to take measures to protect her right of appeal and respondent failed to perfect such an appeal for appellant thus causing her to lose such right of appeal. The pleadings also differ in that respondent filed an answer.

· Mr. Backman's (respondent herein) answer in the instant case alleged that the parties to this action had never entered into an agreement whereby respondent was to take an appeal to this court but on the contrary had advised appellant that he would not represent her on an appeal of this case to this court. In this connection it is to be noted that appellant did not allege in her complaint that she had retained Mr. Backman to represent her on an appeal of this case to this court. She merely alleged that she retained Mr. Backman to represent her in defense of a civil action brought against her in the District Court to quiet title to certain real property and that his unskillful defense of that suit caused her to have judgment rendered against her.

From the affidavits and deposition the following uncontroverted facts appear: That appellant's mother's second marriage was to a man named Ernest J. Herridge who also had a family by a previous spouse. Appellant's mother and stepfather obtained Mr. Backman's father to draw a joint will. Mr. Herridge died before appellant's mother whereupon appellant's mother retained Mr. Backman to probate the will of which she was the executrix. As such executrix she included in the estate of the decedent the real property which was the subject of the suit in which appellant was the defendant, and caused this property to be distributed one-third to herself and two-thirds to decedent's children. At the time she did this she felt very kindly towards decedent's children. Mr. Backman was not aware at that time that this property was held in joint tenancy. Later Mrs. Herridge became ill and appellant came to live with and help her. After the passage of some years Mrs. Herridge called Mr. Backman to her home and showed him a deed to the property wherein it appeared she was joint tenant with her late husband and asked him if she could deed the property to her daughter Mrs. Lundberg, the appellant herein. Mr. Backman advised her that she could, and he made a deed granting the property to appellant subject to a life estate in Mrs. Herridge. As long as Mrs. Herridge was alive her stepchildren did not attempt to disturb her possession. After Mrs. Her-

ridge died they requested appellant to either partition or sell the property and distribute the proceeds in accordance with their rights as shown in the decree of distribution of their father's estate. Upon Mrs. Lundberg's refusal to accede to these demands they started a suit to enforce their rights. Appellant retained Mr. Backman to defend this suit. Mr. Backman filed an answer claiming that appellant was the owner of the property and had been in peaceful possession of such for a number of years and counterclaimed to have her title quieted as against the claims of the plaintiffs in that action. Mr. Backman's theory was that the property even though included in the estate of Mr. Herridge was not part of his estate because any interest of decedent passed immediately upon death to the surviving joint tenant and therefore the decree of distribution was ineffective to convey title to property which did not belong to the estate. The court found in favor of the plaintiffs in that action. Appellant was, understandably, displeased with the results. She consulted other attorneys on this matter while there was yet time to appeal this case. Some refused her offer of employment outright; however, one told her that she would have to get Mr. Backman to withdraw before he could represent her on an appeal. She requested Mr. Backman to withdraw and he said he would. Mr. Back-

man's withdrawal, although bearing date of December 1, 1954, before the time for appeal had expired, was not filed until after the time for such appeal had lapsed. Mr. Backman also filed a motion for a new trial but not until after the time for such motion had expired.

Did the court err in granting a summary judgment in favor of Mr. Backman? As this court stated in Bullock v. Deseret Dodge Truck Center, Inc.,[2] "A summary judgment must be supported by evidence, admissions and inferences which when viewed in the light most favorable to the loser shows that, 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' "

■■ From the uncontroverted facts it appears that appellant did not enter into an agreement to retain Mr. Backman to represent her on an appeal to this court. On the contrary, she consulted other attorneys in an attempt to get them to take such appeal. She does not specifically deny that Mr. Backman was not retained by her to prosecute an appeal. Under such circumstances her allegations that she relied upon Mr. Backman as her attorney to withdraw and to take measures to protect her right of appeal do not state a cause of action against Mr. Backman. Before Mr. Back-

2. Bullock v. Deseret Dodge Truck Center, Inc., 11 Utah 2d 1, 354 P.2d 559, 561.

man could be liable for failure to perfect an appeal within time he would have to owe her a duty to prosecute such an appeal for her. This duty does not arise from mere employment of Mr. Backman by appellant to represent her in defense of a case in the District Court.[3] As stated in Ann.Cas. 1917B, page 31:

"As a general rule, the implied authority of an attorney ends with the entry of a final judgment in the trial court; and, while there are some exceptions to this rule (see note 16 Ann. Cas. 928), it has been held that he will not be held liable for failure to take proceedings for the review of a cause unless he has been directed, and he has agreed, to do so . . ."

Since there was no agreement by Mr. Backman to represent appellant on an appeal of her case to this court there would be no need for Mr. Backman to withdraw as her attorney because the relationship between Mr. Backman and appellant as attorney and client had terminated upon the entry of the final judgment. Under such circumstances his failure to file a requested withdrawal until the time for appeal had elapsed could in no way give rise to a cause of action. There could be no reason for Mr. Backman to withdraw from a relationship which did not exist.

From what we have said it follows that the court did not err in granting a summary judgment.

Affirmed. No costs awarded.

HENRIOD and CALLISTER, JJ., concur.

CROCKETT, Justice (dissenting).

It is to be borne in mind that this review is of a summary judgment in favor of the defendant, which is a drastic measure that abruptly shuts off the plaintiff's attempt to seek redress; and which the courts are and should be reluctant to invoke. It is properly granted only when it appears that even if the claims of the plaintiff are true, she can establish no right to recover. When it is granted, the claims she makes, and every reasonable inference to be drawn therefrom, must be viewed in the light most favorable to her. That is the manner in which we should review the record before us.

I do not disagree with the proposition that under usual circumstances, where an attorney has represented a plaintiff in a trial and the case has been lost, that might fulfill his duty and terminate the relationship of attorney and client. But in this

---

3. Sandall v. Sandall, 57 Utah 150, 193 P. 1093, 15 A.L.R. 620; 5 Am.Jur. Sec. 129, p. 337; Hey v. Simon, 93 S.W. 50,

29 Ky.Law Rep. 315 and 45 A.L.R.2d Annotation Attorneys Negligence, Sec. 21, p. 53 and cases therein cited.

case there are circumstances which may be found to make a substantial difference if the case is tried.

Both Mrs. Lundberg and Mr. Backman thought the judgment was wrong and were dissatisfied with it. In her complaint and affidavits filed in support thereof, Mrs. Lundberg makes the following representations: that she advised Mr. Backman that she desired to take an appeal and that he knew that she was relying on him as an attorney to advise her in connection therewith; that he did not advise her of the date the judgment was filed, nor of the time within which an appeal would have to be taken.

In her first affidavit she also states that the defendant (Mr. Backman) " * * * informed your affiant that an appeal could not be filed with the Supreme Court * * *."

In her second affidavit she makes a similar averment stating that he " * * * advised plaintiff it would be impossible to appeal the case because Judge Van Cott was mad and requested plaintiff to contact him [Mr. Backman] within a few days to discuss the matter * * *"; that he did not advise her as to the filing of a motion for a new trial; nor that the same had been denied because it was not filed on time; and that he told her he had withdrawn from the case, when he had not in fact done so, which she avers prevented her from having another attorney act on her behalf.

I fail to see in Mr. Backman's answer and his affidavit a direct denial of most of the foregoing charges. He appears to rely upon the defense that, "he was not retained by plaintiff to take an appeal from the judgment entered by the district court" and that he had not agreed to do so. He states that he "withdrew from representing the said Agnes Lundberg on December 1, 1954." The latter fact is denied by Mrs. Lundberg in her affidavit. Thus there is diametrical dispute about that as well as other material matters. Viewed according to the plaintiff's averments, these must be regarded as the facts: Mr. Backman did not withdraw as her attorney until after the time for appeal had elapsed; he knew that she desired to take an appeal and that she was looking to him as her attorney to advise her in that regard; that nevertheless he failed to advise her as to any of the matters above referred to, vital to the protection of her rights; that although he claims to have withdrawn as her attorney in time for her to get other counsel and take an appeal, his contention is disputed, not only by her positive averment to the contrary, but by the following facts which are of record and indisputable: that his notice of withdrawal was not filed until January 24, 1955, long

**336**

after the time for taking an appeal had run; and also, notwithstanding his contention that he had withdrawn and no longer represented the plaintiff, he filed a motion for a new trial on her behalf which was filed too late.

How the dispute between these parties may be resolved by a court or jury, and whether Mrs. Lundberg could prove her charges, or that she had suffered damages, is not now pertinent. Taking the facts as claimed by Mrs. Lundberg to be true, I do not see how the conclusion can be escaped that issues of fact are raised as to whether the defendant used due care in performing the duties reasonably to be expected of an attorney under these circumstances. This is particularly so if the status and position of the parties in relation to each other is kept in mind. Mr. Backman was a professional man to whom the plaintiff could look as having knowledge of the law and the skill and competence to handle her case, whereas she was a layman presumably without knowledge of such matters.

For the reasons hereinabove set forth it is my opinion that the issues in dispute between the parties should be tried and the facts determined.

McDONOUGH, J., concurs with the dissenting opinion of CROCKETT, J.