447 P.2d 906

**Fred G. JENSEN and Miriam D. Jensen, Plaintiffs and Appellants,**

v.

**·Ray L. NIELSEN and Mabel W. Nielsen, Defendants and Respondents.**

No. 11167.

Supremé Court of Utah.

Dec. 9, 1968.

Norman H. Jackson, of Mattsson & Jackson, Richfield, for appellants.

Don V. Tibbs, of Tibbs & Tervort, Manti, for respondents.

ELLETT, Justice:

The appellants, plaintiffs below, bought a motel from respondents, defendants in this matter. The agreed price was $35,000, $10,150 of which was paid at the time of signing the contract. The remainder of $24,850 was to be paid at the rate of $200 per month. Thirty-four monthly payments were made, and then the plaintiffs failed to pay anything further. The taxes were unpaid, although plaintiffs were obligated by their contract to pay them. Seven months after the last payment was made, the sellers served notice of cancellation and retook possession of the motel on or about July 1, 1962. The plaintiffs moved out, and nothing further regarding this matter was done until February, 1965, when this action was brought to recover all payments made to the sellers less the amount of the rental value of the motel for the period plaintiffs were in possession, alleged to be $6,800.

After a considerable amount of legal maneuvering on both sides, the court granted a summary judgment to plaintiffs as prayed. The defendants did not appear at the argument on the motion for summary judgment, but as soon as their bank account was attached they promptly renewed the fray. The result was that the court, for reasons sufficient unto himself, set

aside the judgment and granted defendants ten days to file such amended answers as they deemed proper.

The plaintiffs, perhaps thinking a bird in the trap was worth several on the wing, appealed to this court for relief against the order setting aside the summary judgment. We can appreciate their concern over losing the judgment, since they were and are still in default under the terms of the contract. However, whatever rights they had before the summary judgment was granted are still with them. Their case is still pending, since no final order has been as yet made.

Rule 72(a) of the Utah Rules of Civil Procedure provides that a person may appeal as a matter of right from all *final* judgments; but in order to appeal from an interlocutory order, one must comply with Rule 72(b) and petition this court to allow an intermediate appeal. The appellants attempted to appeal as a matter of right pursuant to Rule 72(a) above, and this they cannot do.

We, therefore, dismiss their appeal as being improperly filed. Costs are awarded to the respondents.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.