**Dalvin J. WILLIAMS, Plaintiff and Appellant,**

v.

**James N. BARBER, Martin Verhoef, and David E. Yocom, partners in the law firm of Barber, Verhoef & Yocom, Defendants and Appellees.**

No. 20893.

Supreme Court of Utah.

Nov. 28, 1988.

Eric Taylor, Las Vegas, Nev., for plaintiff and appellant.

James N. Barber, Salt Lake City, for defendants and appellees.

HOWE, Associate Chief Justice:

Appellant Dalvin J. Williams appeals from a judgment of the trial court awarding him damages for the legal malpractice of appellee James N. Barber, contending that the award is inadequate.

This legal malpractice action arose out of an earlier suit brought by C. Grant Morrison and Bonny Bruce in the Third Judicial District Court of this state against appellant for breach of contract. Appellant, a resident of Nevada, contacted Barber, a Utah attorney, to represent him. Barber agreed to do so, and he accepted a retainer for his services. He failed, however, to file a timely answer to the complaint, and a default judgment of approximately $27,000 was entered against appellant in March 1981. Subsequent motions to set aside the judgment pursuant to Utah Rule of Civil Procedure 60(b) were denied.

Thereafter, appellant filed this suit against Barber for legal malpractice, seeking damages in the amount of the default judgment taken against him plus consequential damages. Appellant subsequently moved pursuant to Utah Rule of Civil Procedure 56(c) for partial summary judgment on the issue of liability. Barber did not oppose the motion, and an interlocutory judgment was entered against him as to all issues of liability. The case then proceeded to trial on the issue of damages. The court awarded appellant expenses he had incurred in his unsuccessful attempt to set aside the default judgment and the retainer he paid to Barber, but denied him damages for his loss from the default judgment itself. The court determined that appellant had failed to prove that he had a reasonable likelihood of prevailing on the merits had Barber filed a timely answer in the underlying suit.

I.

Appellant contends that in an action for legal malpractice, a finding of liability under rule 56(c) necessarily includes a finding that there was a meritorious defense to the underlying suit. This contention would have the effect of awarding damages based solely upon an order granting partial sum-

mary judgment as to the issue of liability. We believe, however, that established concepts of proximate cause and damage determinations make such a contention untenable and inconsistent with the intent of rule 56(c), which states: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

■ Attorney malpractice actions generally require the proof of an attorney-client relationship coupled with an accompanying breach of duty inherent in that relationship which directly results in actual injury, loss, or damage to the client. *See* D. Meiselman, *Attorney Malpractice: Law and Procedure* § 3:1, at 39 (1980); *Bartholomew v. Crockett*, 131 Ill.App.3d 456, 465, 86 Ill.Dec. 656, 662, 475 N.E.2d 1035, 1041 (1985). Once an attorney-client relationship has been established, the attorney "impliedly agrees to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." *Lucas v. Hamm*, 56 Cal. 2d 583, 15 Cal.Rptr. 821, 825, 364 P.2d 685, 689 (1961), *cert. denied*, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962). When an attorney breaches such duty, he is liable for all damages directly and proximately caused by his act or failure to act. *Id.* Generally speaking, incurring liability through a breach of duty does not necessarily result in damages. The adoption of appellant's contention would require this Court to either ignore the requirement of proximate cause with respect to a finding of damages in tort or expand the concept of liability beyond its commonly held meaning.

■ Appellant's singular reliance upon *Mendoza v. Schlossman*, 87 A.D.2d 606, 448 N.Y.S.2d 45 (1982), is misplaced. That case involved the effect of a default judgment entered in a legal malpractice action. Where a default judgment is entered against a defendant in a legal malpractice action, both the issues of the lawyer's negligence and the merits of the underlying claim are settled in favor of the plaintiff. The instant case does not involve a default

judgment in a malpractice action, but an unopposed motion for partial summary judgment as to the issue of liability or negligence of the attorney. Barber's failure to oppose the motion for partial summary judgment should be viewed as his capitulation only to the question of whether there was a genuine issue of material fact with respect to his breach of duty.

■ Appellant points out that attached to and in support of his motion for partial summary judgment was a copy of a deposition of Martin Becker, appellant's Nevada attorney, who had referred the defense of the underlying action to Barber. In his deposition, Becker asserts that the underlying action against appellant was defensible. We do not believe that the attachment of the Becker deposition in any way expanded the breadth of the trial court's ruling, which granted judgment to appellant as to "all the issues in this action relating to the liability of the defendants to the plaintiff." The reference to "all the issues ... relating to the liability" embraced both contractual and tort liability upon which appellant's action was based. Under either legal theory, damages must be specifically assessed. With respect to tort liability generally, a finding of proximate cause must be made by the trier of fact before an award for damages is granted. In a legal malpractice action, proximate cause embraces an assessment of the merits of the underlying cause of action. In *Young v. Bridwell*, 20 Utah 2d 332, 337, 437 P.2d 686, 689 (1968), this Court stated:

> The parties are not in disagreement that in order to make out a cause of action against the attorney for failing to advise of their right to appeal, it would have to be shown that there was at least a reasonable likelihood of reversing the judgment and that it would have benefited the plaintiff.

We therefore conclude that the partial summary judgment granted appellant did not relieve him of the obligation to later prove any damages he sustained which were proximately caused by Barber's negligence.

## II.

The trial court held that appellant, having the burden of proof as the plaintiff in this malpractice action, failed to prove that there was a reasonable likelihood that he could have prevailed in the underlying case which Barber failed to defend. Appellant argues, however, that when he appeared at the trial which was held for the purpose of his proving damages, he assumed that the partial summary judgment previously granted him had already resolved in his favor the issue of whether he had a meritorious defense to the underlying action. He also points out that at one point in the trial, at least, the trial court made a ruling which seemed to support that assumption. It occurred when Barber was cross-examining appellant about the underlying action and counsel for appellant objected to the relevancy of the inquiry. In ruling upon the objection, the trial court stated:

> Well, with regard to the question of relevance, it's this court's view, potentially, I suppose, in this case as to the other two co-defendants [Barber's alleged law partners] that the question of damages, it does inherently involve the issue of the underlying claim, that is, it seems to me that Mr. Williams is required to establish that he had a good defense to the underlying claim to establish the proximate cause of any damage alleged as a result of conduct of these defendants. However, there has already been a partial summary judgment entered against Mr. Barber on the liability. I suppose that *that issue is moot as far as he's concerned.* But insofar as the relevance of it, I do believe it's relevant as to the co-defendants.

(Emphasis added.)

The court's reference to an issue that was moot with respect to Barber could reasonably be viewed as directed toward appellant's burden to establish that he had a meritorious defense to the underlying suit. Not only does appellant claim that confusion was caused by that ruling, but also Barber displayed uncertainty as to the trial court's reference:

> I do want to make one comment, however. I think it's not moot as to what may be caused. If it's found that even though the manner in which the judgment was entered may have been a result of any negligence as is now established by the summary judgment, whether or not Mr. Williams would have been obliged to pay some damages on that case, even had it been correctly handled, is still relevant, and we can discuss that amongst ourselves at the lunch hour and determine how we would like to handle it.

Nothing indicates that the confusion was ever resolved. Indeed, at the end of the trial, during the announcement of its ruling, appellant's counsel expressed surprise at the court's denial of damages for the amount of the judgment taken against him in the underlying action. We believe that appellant's erroneous assumption that he had met his burden to show there was a meritorious defense may have been unwittingly confirmed by the ambiguous relevancy ruling of the trial court.

This Court has addressed the issue of legal malpractice but once, in *Young v. Bridwell*, 20 Utah 2d 332, 437 P.2d 686 (1968). That case did not address the point involved here and did not explain which party has the burden of proof of a meritorious claim or defense in the underlying suit from which a legal malpractice action arises. Furthermore, lending to appellant's confusion, he points to a jurisdiction which places this burden of proof upon the defendant attorney. *Glidden v. Terranova*, 12 Mass.App.Ct. 597, 427 N.E.2d 1169 (1981). While we do not desire to follow that jurisdiction's lead, it does provide a legal basis for appellant's misassumption.

In view of the uncertainty and confusion of counsel for both parties at trial and the lack of clarity in the trial court's ruling on the relevancy of evidence, appellant is entitled to a new trial on the issue of damages.

Reversed and remanded. Each party is to bear his own costs.

DURHAM, J., concurs in result.

STEWART, J., dissents.

ZIMMERMAN, Justice, concurring in result:

I join in reversing and remanding so that plaintiff Williams can have a fair opportunity to present evidence both on the question of whether he had a good defense to the initial suit and on damages. However, I depart to a degree from Justice Howe as to the basis for that result.

Justice Howe goes to great lengths in an attempt to show that the motion for partial summary judgment granted by the trial judge did not reach all issues of liability and that the judge did not decide whether Williams had a good defense to the initial suit in which defendant Barber committed malpractice. I take exception to this approach on two grounds. First, I conclude that the partial summary judgment was intended to dispose of all the elements of the malpractice cause of action. But second, and more importantly, we do not need to reach the issue—much less obscure the law in this area with strained reasoning—because the trial judge was not bound to adhere to his ruling on the motion for partial summary judgment.

Let me explain. I think that William's motion for partial summary judgment as granted by the trial court included a finding that there was a meritorious defense to the underlying suit. Such a finding is an element of the cause of action and must be determined before liability is established. Despite Justice Howe's suggestion, nothing indicates that the motion for partial summary judgment was limited to the question of whether Barber was negligent, without regard to whether that negligence caused Barber to incur any liability to Williams, nor is there any indication that at the time the motion was granted, the judge intended to so limit his ruling. And nothing in the law or the facts of this case persuades me that we should take the step of reading a partial summary judgment on the issue of "liability" to exclude a finding on one of the elements of the substantive cause of action.

Notwithstanding the foregoing, it appears to me that we need not reach any of this. The partial summary judgment granted by the trial judge on the liability issue was, by the terms of Utah Rule of Civil Procedure 56(c), interlocutory in character. *See* Utah R.Civ.P. 56(c). Interlocutory orders are, by definition, alterable at any time by the trial judge. *See, e.g., Jensen v. Nielsen,* 22 Utah 2d 23, 24, 447 P.2d 906, 906 (1968); *In re Blalock,* 233 N.C. 493, 508, 64 S.E.2d 848, 858 (1951). In this case, the trial judge had granted a partial summary judgment on all aspects of Barber's liability for legal malpractice. Apparently, during trial the judge changed his mind and concluded that Williams had not shown that he had a good defense on the merits of the first civil action in which the malpractice was committed. Such a change of mind was entirely within the trial judge's power under rule 56(c). However, he did not give counsel adequate notice of his change of mind. As a consequence, Williams' counsel was caught by surprise and, as Justice Howe concludes, Williams was unfairly prejudiced because his counsel was unprepared to proceed on that element. A remand for further proceedings on this point is therefore merited.

For the foregoing reasons, I join in reversing and remanding to the trial court for further proceedings.

HALL, C.J., concurs in the concurring opinion of Justice ZIMMERMAN.