389 P.2d 736

Grant Scott HASLAM, Plaintiff and
Appellant,

v.

Paul PAULSEN, et al., d/b/a Acme Crane
Rental Company, et al., Defend-
ants and Respondents.

No. 9938.

Supreme Court of Utah.

Feb. 27, 1964.

A. Park Smoot, Salt Lake City, for
plaintiff and appellant.

Raymond M. Berry, George H. Searle,
Skeen, Worsley, Snow & Christensen, Salt
Lake City, for defendants and respondents.

CROCKETT, Justice.

In an action for personal injury the
plaintiff obtained a verdict for $50,000
general and $558.80 special damages. The
trial court granted the defendants' motion

**186**

for a new trial, from which the plaintiff seeks to appeal.

The right of appeal is from final judgments. Utah Const. Art. VIII, Sec. 9; Rule 72(a), U.R.C.P. The order granting a new trial is not a final judgment, it but sets aside the verdict and places the parties in the same position as if there had been no previous trial. White v. Pease, 15 Utah 170, 49 P. 416; Bear River Valley Orchard Company v. Hanley, 15 Utah 506, 50 P. 611; Klinge v. Southern Pacific Company, 89 Utah 284, 57 P.2d 367, 105 A.L.R. 204. While we agree that the trial court cannot, without any reason whatsoever, grant such a motion upon mere whim or caprice, it nevertheless has a wide latitude of discretion with respect thereto in conformity with the general supervisory powers which it necessarily has over the verdicts of juries in the interest of the administration of justice. If such power is in fact exercised arbitrarily, the proper redress is either in a petition for interlocutory appeal, which may be granted in a proper case (Rule 72(b), U.R.C.P.); or the claimed error can be preserved and reviewed if necessary upon the final outcome of the case. See King v. Union Pacific Railroad Co., 117 Utah 40, 212 P.2d 692.

The case is remanded for trial. Costs to defendants (respondents).

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.