479 P.2d 351

**John Ira BAER, Plaintiff and Appellant,**

v.

**Gail YOUNG, Defendant and Respondent.
No. 12055.**

Supreme Court of Utah.

Jan. 7, 1971.

---

6. Note 4, supra, at p. 919 of 350 S.W. 2d.

7. See Peters & Whalen, Inc. v. Ware, 4 Misc.2d 789, 162 N.Y.S.2d 951 (1956).

Mark S. Miner, Salt Lake City, for appellant.

Lowell V. Summerhays, Salt Lake City, for respondent.

TUCKETT, Justice.

In April of 1969, the plaintiff commenced these proceedings against the defendant claiming that the defendant was guilty of criminal conversation with the plaintiff's wife. Defendant failed to answer the complaint, and on September 3, 1969, judgment by default was entered against the defendant.

During the month of February, 1970, the plaintiff procured the issuance of a writ of garnishment which was served upon the defendant's employer. After the service of the garnishment, the defendant employed counsel and the proceedings we are here concerned with ensued. On February 16, 1970, the defendant filed a motion to set aside the judgment, a motion for a new trial, and a notice of appeal to this court. On February 26th, a hearing was had by the court on the defendant's motion to set aside the judgment. On the same day the defendant also filed a motion in the Supreme Court asking that his appeal be dismissed and an order was issued by the court dismissing the appeal. An order thereafter was made and entered by the trial court setting aside the judgment. From that order the plaintiff has appealed to this court.

While it would appear from the record that the trial court was without jurisdiction to hear the defendant's motion, nevertheless, that order is not appealable under Rule 72(a) U.R.C.P.[1] The order of the court appealed from is in the nature of an interlocutory order, and the plaintiff's objections to the jurisdiction of the court[2] below properly fall under the provisions of Rule 72(b). The plaintiff should have petitioned the court under the provisions of that rule for permission to appeal.

The appeal in this case is dismissed and the case remanded to the district court for further proceedings. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

1. Haslam v. Paulsen, 15 Utah 2d 185, 389 P.2d 736; Jensen v. Nielsen, 22 Utah 2d 23, 447 P.2d 906.

2. Naglieri v. Trabattoni, 14 N.J.Super. 54, 81 A.2d 380.