Barbara SMITH, Plaintiff and Appellant,

v.

Lyman S. SHREEVE, Defendant and Respondent.

No. 14410.

Supreme Court of Utah.

June 28, 1976.

S. Rex Lewis, of Howard, Lewis & Petersen, Provo, for plaintiff and appellant.

David E. West, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The plaintiff appeals from a judgment in her favor claiming that the award was inadequate. She assigns errors in two particulars:

(1) The court failed to grant her request to instruct the jury that the defendant was negligent as a matter of law.

(2) The court erred in failing to grant her motion for a new trial.

■ As to the first claim, the error, if any, was harmless since the jury found in her favor.

■ As to the second claim, it must be kept in mind that the granting or refusing to grant a new trial is largely a matter of discretion with the trial judge [1] and this Court will reverse the trial court only for an abuse of discretion in the refusal.

■ In determining whether or not there was an abuse of discretion, we must look at the background of the situation including the record. In this case, a collision occurred between an automobile driven by the defendant and one driven by the plaintiff. The day was clear and there were no obstructions to the vision of either driver. The road was somewhat icy and slick.

The defendant was driving south while the plaintiff had been driving east prior to entering the intersection, at which time she made a left turn to go north upon the highway being used by the defendant. The collision occurred between 19 and 30 feet north of the intersection and 20 feet east of the curb of the street. The width of the street is not given, and it cannot be definitely ascertained just where the two cars were at the time of impact.

While the jurors were deliberating, they sent the following note to the judge: "We find that both parties were contributorily negligent, but may we award punitive damages to the plaintiff?" The court discussed the matter with counsel and then wrote on the note the following: "No. See Instructions Nos. 4 and 5."

The plaintiff had prayed for general damages in the sum of $50,000 and for special damages in the amount of $1,731. The jury returned a verdict in the amount of $2,000 general damages and nothing for special damages. The trial judge dismissed the jury.

■ Thereafter, the plaintiff timely moved for a new trial because of "inadequate damages appearing to have been given under the influence of passion or prejudice." She also requested an additur in the amount of 12,500 as an alternative in case a new trial was not granted. The court denied both requests.

In view of the fact that the jury wrote that they found both parties to be negligent and wished to know if they could give plaintiff punitive damages, it seems reasonable to believe that any prejudice which may have existed was against the defendant. Instructions 4 and 5 to which the judge referred in his answer to the note clearly told the jury that the plaintiff could not recover if she was contributorily negligent.[2] Despite the belief of the jury

1. Rule 59, U.R.C.P.; *Haslam v. Paulsen*, 15 Utah 2d 185, 389 P.2d 736.

2. The accident occurred prior to the enactment of the Comparative Negligence Statute (78-27-37, U.C.A.1953, 1975 Pocket Supp.); therefore, contributory negligence, if any, would be a complete defense to this action.

that she was negligent, they nevertheless awarded her $2,000 general damages.

■ When the verdict was read, counsel for plaintiff should have called attention to the fact that there was nothing for special damages; and by failing to do that and permitting the jury to be excused, he waived any right to complain about no special damages.

■ In refusing to grant a new trial, the court seemed to be within his prerogative, and we do not find that he abused his discretion. The judgment is affirmed and costs are awarded to the respondent.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.