**Tonyia B. JENSEN, Plaintiff and Respondent,**

v.

**Clark Evon JENSEN, Defendant and Appellant.**

**No. 14458.**

Supreme Court of Utah.

Oct. 29, 1976.

Gary H. Weight of Aldrich & Nelson, Provo, for defendant and appellant.

Ray H. Ivie, Provo, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a judgment by the court granting a divorce to each

---

5. See Leflar, American Conflicts Law (Rev. Ed.) Section 28, pp. 50–52.

6. *Brandner v. Brandner*, Note 4, supra.

7. Note 4, supra.

party and dividing the property accumulated by the parties in equal shares, save for a few minor items which belonged to each party personally. The custody of the children was given to the appellant and no alimony was awarded to respondent.

There are only two assignments of error made, viz:

(1) The trial court refused to grant a new trial.

(2) The trial court erred in awarding the property to the parties equally.

As to the claim of error in refusing to grant a new trial, we are not impressed. The granting or refusing to grant a new trial is a matter which lies within the sound discretion of the trial court, and we do not interfere with his ruling unless there is an abuse of discretion.[1]

In this case we are unable to find any abuse of discretion on the part of the trial judge in refusing to grant a new trial.

As to the matter of the division of the property accumulated during the marriage relationship, it should be observed that the respondent was a high school student of the approximate age of sixteen years when the appellant married her. They were married for twenty-one years and had three children. Both parties worked during most of the time. The appellant brought wages into the family unit of approximately $175,000 before the parties began experiencing matrimonial difficulties, and the wages of the respondent during the same time amounted to over $60,000. In addition, the respondent put herself through college and became a registered nurse and now earns a salary sufficient to be able to care for her own wants and necessities. She also took a course in real estate salesmanship and was instrumental in initiating purchases and sales of real property which materially contributed to the accumulation of the wealth of the parties.

The appellant earns sufficient salary to take care of the wants and necessities of himself and of the minor children. In addition, he may secure all the assets by paying to the respondent the sum of $50,000, payable in cash or over a period of ten years without interest.

It appears to us that appellant was dealt with fairly by the court and the judgment should be, and is, affirmed. Costs are awarded to respondent.

HENRIOD, C. J., and MAUGHAN, CROCKETT and WILKINS, JJ.

---

1. *Smith v. Shreeve*, 551 P.2d 1261 (Utah 1976); *Haslam v. Paulsen*, 15 Utah 2d 185, 389 P.2d 736 (1964).