Robert L. VAN WAGENEN, Plaintiff,

v.

Gary WALKER et al., Defendants,

v.

Lorin R. BLAUER, Third Party Defendant and Appellant,

v.

Gust M. JANIS et al., Cross-Claim Defendants,

v.

RIGO'S ITALIAN RESTAURANT, Defendant Garnishee and Respondent,

v.

COMMERCIAL SECURITY BANK, Garnishee and Respondent.

No. 16045.

Supreme Court of Utah.

June 27, 1979.

Maxwell Bentley, Salt Lake City, for appellant.

Brian R. Florence, Ogden, for Rigo's Italian Restaurant.

Richard W. Campbell, Ogden, for Commercial Security Bank.

MAUGHAN, Justice:

Third party defendant, Blauer, appeals from two orders of the trial court vacating two garnishment judgments. These were lodged against garnishees, Rigo's Italian Restaurant and Commercial Security Bank. Blauer contends the trial court committed procedural errors which he seeks to have rectified on appeal. Garnishees urge the appeal should be dismissed.

Under Rule 72(a) U.R.C.P., an appeal may be taken to this Court on a *final* order or judgment. An order vacating a judgment is not such a final order, for the rights of the parties are not determined and the litigation is not concluded thereunder.[1]

> The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The matters in controversy are left open for future determination. The action is not thereby discontinued or abated, but is subject to further proceedings in regular course. The party in whose favor a judgment has been entered irregularly may, after it has been vacated, proceed as if it had never been rendered, and in due time and upon proper proceedings obtain a valid judgment. . . . [2]

Since the orders of the trial court did not finally conclude any of the rights of the parties which were in litigation, there was not a final judgment or order from which an appeal, as a matter of right, lies. The appeal is dismissed.

CROCKETT, C. J., and WILKINS, HALL and STEWART, JJ., concur.

1. *Baer v. Young*, 25 Utah 2d 198, 479 P.2d 351 (1971); *Jensen v. Nielsen*, 22 Utah 2d 23, 447 P.2d 906 (1968).

2. 1 Freeman on Judgments (5th Ed.) § 302, pp. 71–72; also see *Wrang v. Spencer*, 4 Conn.Cir. 473, 235 A.2d 861 (1967); 4 Am.Jur.2d, Appeal and Error, § 126, p. 641.