**SALT LAKE CITY CORPORATION, a municipal corporation of the State of Utah, Plaintiff and Respondent,**

v.

**D. William LAYTON and Helen Layton, his wife, Defendants and Appellants.**

**No. 16128.**

Supreme Court of Utah.

Aug. 30, 1979.

---

1. Rule 10(e) is in the same language as Rule 75(h), U.R.C.P.

D. William Layton, pro se.

Roger F. Cutler, Salt Lake City Atty., Judith F. Lever, Asst. Salt Lake City Atty., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

This is an appeal from an order entered by the trial court granting injunctive relief in favor of the plaintiff, Salt Lake City Corporation, and against the defendants, D. William and Helen Layton, restraining the defendants from obstructing and encroaching upon a portion of a platted and dedicated street. The Laytons had erected a fence across the street, thereby preventing its use as a public street. The Laytons claim a legal title to the street on the ground that it was abandoned by the city many years ago. The Laytons' action prompted the city to initiate this action which seeks, *inter alia,* to compel the Laytons to remove the fence.

On appeal the Laytons contend that under the laws in force in Utah at the time of the alleged dedication on May 15, 1897, the public authorities abandoned streets not used for a period of five years. See Chapter 12, §§ 2, 6 and 7, Laws of the Territory of Utah 1886; §§ 2066, 2070 and 2071, Comp.Laws of Utah 1888; Chapter 50, § 4, Laws of the Territory of Utah 1890; § 1, *et seq.*, Chapter 18, Laws of the Territory of Utah 1894; and §§ 1114–1116, 1120, 1134, 2011, 2014, and 2016–2020, Rev. Statutes of Utah 1898.

We do not reach the merits of the Laytons' contentions because their appeal is not properly before this Court. Although the city does not raise the issue of jurisdiction, it is our prerogative, *sua sponte,* to refuse to decide cases not properly before the Court. *Kennedy v. New Era Industries, Inc.,* Utah, 517 P.2d 534, decided this same day, and authorities cited therein.

The order entered by the lower court was not a final judgment.

In its complaint Salt Lake City Corporation alleged three claims: (1) that the defendants unlawfully erected a fence on a public street, (2) that the defendants have been unjustly enriched by their unlawful use of the disputed property, and (3) that the defendants' unlawful control and possession of the disputed property constitutes a willful and intentional trespass. The city prayed for injunctive relief on the first cause of action to compel the defendants to remove the fence and to enjoin them from erecting any future obstruction; for damages on their second cause of action for the fair market value of the use of the disputed property since the date the fence was erected; and for punitive damages on the third cause of action in the amount of $5,000. The Laytons answered, denying substantially the allegations alleged in the three claims and thereby placed all three in issue.

The trial court, after considering the memoranda submitted by both parties, ruled in favor of the city on its first claim for injunctive relief only. The court ordered the Laytons to remove their fence and enjoined them from erecting any future obstruction. The court specifically reserved action on the other two claims in the city's complaint, stating, "*at the present time,* the Court takes no action in regards to Paragraph Nos. 3, 4 and 5 of the prayer of plaintiff's complaint and hereby *reserves its judgment upon the same.*" [Emphasis added.]

As a general rule an appeal may be taken to this Court only from a final order or judgment. See Rule 72(a), Utah Rules of Civil Procedure; *Kennedy v. New Era Industries, Inc., et al., supra; Van Wagenen v. Walker, et al.,* Utah, 597 P.2d 1327 (1979). A judgment is final when it ends the controversy between the parties litigant. *Kennedy v. New Era Industries, Inc., et al., supra.* In *J.B. & R.E. Walker, Inc. v. Thayn,* 17 Utah 2d 120, 405 P.2d 342 (1965), this Court held that a judgment which disposes of fewer than all of the causes of action alleged in the plaintiff's complaint is

not a final judgment from which an appeal may be taken. In the instant case the order entered by the trial court clearly was not a final order. The claims with respect to unjust enrichment and trespass remain alive.

None of the exceptions to the final judgment rule is applicable in this case. The record reveals that the trial court did not make a determination pursuant to Rule 54(b), Utah Rules of Civil Procedure, that there is no just reason for delay and did not expressly direct entry of a judgment which would be final and appealable. Nor has this Court entered an order pursuant to Rule 72(b), Utah Rules of Civil Procedure, permitting an interlocutory appeal.

This appeal is dismissed without prejudice to another appeal at the proper time pursuant to Rule 76(c), Utah Rules of Civil Procedure, and the matter is remanded to the trial court.

No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.