Jonathan LITTLE and Hannah Little, Plaintiffs and Respondents,

v.

Anthony W. MITCHELL, Individually and as Director of the Department of Social Services of the State of Utah; James P. Wheeler, Individually and as Director of the Utah State Division of Family Services; John Doe I; John Doe II; and John Doe III, and the Utah State Division of Family Services, Defendants and Appellants.

No. 16678.

Supreme Court of Utah.

Dec. 11, 1979.

Robert B. Hansen, Atty. Gen., Sharon Peacock, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

David E. Littlefield, Salt Lake City, for plaintiffs and respondents.

WILKINS, Justice:

Plaintiffs brought this action against the State Division of Family Services and the individual defendants alleging negligence in connection with placement, supervision and foster care given by them. The defendants asserted the defense of sovereign immunity and moved to dismiss the action on that

ground. The court denied their motion. Defendants then proceeded under Rule 54(b), U.R.C.P. to have the trial court sign an order that the ruling was a final judgment and appealed that ruling to this Court. This Court entered its order dismissing the appeal. Within the 20 days allowed for doing so, the defendants filed a petition for rehearing.

▄▄▄ The significant part of Rule 54(b) provides that when multiple claims and/or parties are involved, ". . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . [when] . . . there is no just reason for delay . . . .." This does not necessarily mean that there is a final judgment merely because the order so recites. In this instance, the trial court denied the defendant's motion to dismiss, thus leaving the parties in court, and there was, therefore, in fact no final judgment.[1] The previously entered order of this Court granting the motion to dismiss the appeal is reaffirmed.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

Michael W. Park of Park & Braithwaite, Cedar City, for defendant-appellant.

Dean L. Gray of Gustin, Adams, Kasting & Liapis, Salt Lake City, for plaintiffs-respondents.

---

1. It is to be noted that a party is not left without remedy. If there are good and sufficient reasons for such an appeal before further proceedings and determination of the issues in the lawsuits, a party may petition the Supreme Court for an intermediate appeal as provided in Rule 72(b).