**Adriana Cornelia PEARSON, aka Jane Pearson, Plaintiff and Appellant,**

v.

**Kimber Lee PEARSON, Defendant and Respondent.**

No. 17094.

Supreme Court of Utah.

Jan. 5, 1982.

Randy S. Ludlow, Salt Lake City, for plaintiff and appellant.

Neils E. Mortensen, Salt Lake City, for defendant and respondent.

TIBBS, District Judge:

This is an appeal from a district court order setting aside certain provisions in a default decree of divorce based on Rule 60(b)(7), Utah Rules of Civil Procedure. The appellant seeks to have the order reversed and the original Judgment and Decree of Divorce reinstated.

The facts are that after an amended complaint was filed, the respondent went to the office of appellant's attorney. He alleges an oral agreement was entered into with the attorney which settled the terms and the conditions of the divorce differently than were alleged in the amended complaint. The alleged agreement was not reduced to writing but the respondent signed an acknowledgment of service, waiver and consent. The appellant claims there was never an agreement made except to follow the terms of the amended complaint.

On May 11, 1979, the default decree was signed and filed. On October 30th, the court issued an order to show cause alleging respondent's contempt for failure to comply with the Decree. Prior to the date of hearing, the respondent moved the court to set aside the Divorce Decree on the basis that it did not conform to the alleged agreement. He claimed shock, surprise, fraud and misrepresentation by appellant.

On April 8, 1980, the court set the Decree aside on certain particulars:

(1) The provision dealing with alimony.

(2) The provision dealing with property distribution and the equity in the home.

(3) The provision dealing with the personal property.

(4) The provision dealing with the debts and obligations of the parties.

The court concluded the matter should be set for a further hearing for a determination of the aforementioned factors. Until these issues are adjudicated there exists no final judgment warranting an appeal. *Baer v. Young*, 25 Utah 2d 198, 479 P.2d 351 (1971).

The granting of a motion to set aside parts of a divorce decree under these circumstances is not a final ruling from which an appeal can be taken. Rule 72(a), Utah Rules of Civil Procedure, provides that "[a]n appeal may be taken to the Supreme Court from all final orders and judgments, in accordance with these Rules . . . ."

The general rule is set forth in 4 Am. Jur.2d, Appeal and Error § 126, page 641:

Insofar as an order granting such a motion is concerned, the weight of authority appears to be that, ordinarily, appeal or writ of error will not lie to an order merely vacating a former judgment, such an order not being final. Section 127 states:

The courts are agreed that an order setting aside or refusing to set aside a default where judgment has not been entered is not a final order and therefore is not appealable unless it falls within the scope of a statutory provision allowing direct appeal from certain types of interlocutory decision.

The same reasoning applies to the granting of a motion for a new trial, § 123:

In the absence of statute requiring a different result, the general rule seems to

be that there is no direct appeal from an order denying or granting a motion for new trial. The holding that an order denying or granting a motion for new trial is not directly appealable has usually been based on the ground of lack of finality of the particular decision.

\* \* \* \* \* \*

Occasionally, the holding of non-appealability of the denial or granting of a new trial has been based on the theory that this is a matter largely resting within the discretion of the trial court the exercise of which can be interfered with by the appellate court only where there is an abuse of discretion.

This Court has upheld the general rule in the case of *Haslam v. Paulsen*, 15 Utah 2d 185, 389 P.2d 736 (1964).

At this stage in the pleadings, there is not an order of the court specifically changing the terms and conditions of the original Decree to a final conclusion. A further hearing is still needed.

The appeal is dismissed.

HALL, C. J., and STEWART, HOWE and OAKS, JJ., concur.