Rita L. **PATE**, Plaintiff and Appellant,

v.

**MARATHON STEEL COMPANY, an Arizona corporation, Hensel-Phelps Company, a Colorado corporation, and Erico Products, Inc., an Ohio corporation, Defendants and Respondents.**

**MARATHON STEEL COMPANY, Third-Party Plaintiff,**

v.

**PLACERS, INC., Third-Party Defendant.**

No. 18911.

Supreme Court of Utah.

Nov. 9, 1984.

Jack Fairclough, Wilford A. Beesley, Salt Lake City, for Pate.

Scott Christensen, Salt Lake City, for Erico Products.

Jay E. Jensen, Salt Lake City, for Marathon Steel.

Robert W. Brandt, Salt Lake City, for Placers.

D. Gary Christensen, Salt Lake City, for Hensel-Phelps.

ZIMMERMAN, Justice:

This matter is before us on a petition for an extraordinary writ. We choose to treat it as an interlocutory appeal because of the importance of the issue and the apparent widespread confusion surrounding Rule 54(b). Plaintiff Rita L. Pate sued defendants Marathon Steel Company ("Marathon"), Hensel-Phelps Company ("Hensel"), and Erico Products, Inc. ("Erico"), for claims arising out of a construction site accident. Plaintiff was employed by Placers, Inc., a Marathon subcontractor. In turn, Marathon was a subcontractor for Hensel. Plaintiff's injury occurred when a welding machine designed by Erico and owned by Marathon allegedly malfunctioned. Plaintiff, working inside a platform that she claimed was negligently constructed and maintained by Hensel and Marathon, was unable to escape sparks generated by the faulty welding machine.

The trial court granted Marathon and Hensel summary judgment on the claim asserting negligent construction and maintenance of the platform, finding that the claims were barred by the fellow-servant rule. The court denied the summary judgment motions of Marathon and Erico on the

product liability claims relating to the welding machine.

Plaintiff attempted to appeal the grant of summary judgment to this Court as a matter of right, pursuant to Rule 72(a) of the Utah Rules of Civil Procedure. Because other claims and parties remained in the suit, we dismissed the appeal on the ground that it was not taken from a final judgment. Plaintiff then asked the trial judge to act under Rule 54(b) of the Utah Rules of Civil Procedure—to make a determination that no just reason existed for delay of an appeal and to direct entry of a final judgment on the issues disposed of by the grant of summary judgment. The trial court refused, indicating that while it was inclined to grant the motion, it thought that such an action was precluded by this Court's decision in *Little v. Mitchell,* Utah, 604 P.2d 918 (1979).

Utah's Rule 54(b) is modeled after and is identical in all material respects to the corresponding federal rule. Our rule provides:

(b) Judgment Upon Multiple Claims and/or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ Under traditional principles, which are reflected in Utah's Rule 72(a), parties to a suit generally are entitled to only one appeal as a matter of right, regardless of the number of parties or issues presented for disposition, and an appeal can be taken only from the entry of a final judgment that concludes the action. *E.g., Kennedy v. New Era Industries, Inc.,* Utah, 600 P.2d 534, 535–36 (1979); *Salt Lake City Corp. v. Layton,* Utah, 600 P.2d 538, 539–40 (1979); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2653 at 19–20 (1983). Rule 54(b) was designed to avoid the potential injustice caused by rigid application of the traditional single appeal principle embodied in Rule 72(a). For example, if the principle was strictly applied, one entirely separate portion of a suit might be disposed of by a ruling, yet the correctness of that ruling could not be tested on appeal until after the remainder of the action was tried to conclusion. At that juncture, if the appellate court found the initial ruling erroneous, a retrial of the whole matter might be necessary. This delay and possible duplication of judicial effort would be avoided only if an appeal could be taken from a ruling that wholly disposed of a party or claim before the rest of the action was concluded. Rule 54(b) was designed to permit such an appeal. 10 C. Wright, A. Miller & M. Kane, *supra,* § 2654 at 35–37.[1]

■ By the terms of Rule 54(b), a ruling must meet three requirements in order to be appealable. First, there must be multiple claims for relief or multiple parties to the action. Second, the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action. Third, the trial court, in its discretion, must make a determination that "there is no just reason for delay" of the appeal. 10 C. Wright, A. Miller & M. Kane, *supra,* § 2656 at 47–48.

■ Rule 72(b) permits this Court, in its discretion, to hear appeals from any type of interlocutory order. *See, e.g., Jensen v. Nielsen,* 22 Utah 2d 23, 447 P.2d 906 (1968); *Great Salt Lake Authority v. Island Ranching Co.,* 18 Utah 2d 45, 414 P.2d 963 (1966). In the present case, the trial court confused Rule 54(b) with Rule 72(b). In response to a letter from counsel

---

**1.** Because few Utah cases deal with Rule 54(b), and none explain its underlying rationale, we freely look to authorities under the federal rule.

informally requesting a 54(b) determination, the trial court wrote:

> I suggest you review the case of *Little v. Mitchell*, 604 P.2d 918 (Utah 1979). If the Order is in fact a Final Order, the Supreme Court can rule on it. It would not need a certification from the trial court. If it is not a Final Order, the certification from the trial court is not going to carry much weight at the Supreme Court.

The lower court was apparently of the view that Rule 54(b) gives this Court discretion to review any final orders in any multi-claim or multi-party cases that it wishes to hear. This interpretation not only reduces Rule 54(b) to a narrow variant of Rule 72(b), but it also ignores the plain language of the rule. In fact, Rule 54(b) is quite unlike Rule 72(b). While Rule 54(b) gives the parties an appeal *as of right*, so long as its requirements are met, an appeal under Rule 72(b) is entirely within this Court's discretion.

The trial court here should have undertaken an analysis of the requirements of Rule 54(b). The court should have determined whether the order sought to be appealed from was one that wholly disposed of one or more but fewer than all of the multiple claims or parties in the action. If it did, then the order was final for purposes of Rule 54(b) and the court, at its discretion, could expressly direct entry of judgment. The trial court should then have determined whether there was any just reason for delaying the appeal. If it found none, it would then be free to enter such a certification, permitting the appeal to proceed.

 We must emphasize that all of these requirements must be met. An order that is "final" as to a claim or a party in a multi-claim or multi-party suit is appealable under Rule 54(b) only if it is accompanied by a district court certification that no just reason exists for delaying the appeal; an order that does not wholly dispose of a claim or a party is not "final" under Rule 54(b) and will not be appealable, even with such a certification.[2] There is nothing in *Little v. Mitchell* to the contrary.

 In *Little v. Mitchell,* the defendants moved to dismiss the entire action on the ground of sovereign immunity, and the district court denied the motion. The district court then entered an order under Rule 54(b) directing entry of a final judgment on the order denying the summary judgment and determining that there was no just reason for delaying an appeal. This Court dismissed the appeal, stating that merely because a trial court recites that an order appealed from is final does not make it so. 604 P.2d at 919. There is nothing exceptional about this ruling. The test under Rule 54(b) for a final order is that it wholly disposes of a claim against a party. *See, e.g., First of Denver Mortgage Investors v. C.N. Zundel & Associates,* Utah, 600 P.2d 521 (1979); 10 C. Wright, A. Miller & M. Kane, *supra,* § 2656 at 50–55. An order denying a motion to dismiss certainly does not dispose of a claim or a party; therefore, it is not final within the meaning of Rule 54(b) and is not eligible for certification. *Little v. Mitchell* turns on the meaning of finality within Rule 54(b); it did not assert that this Court has discretion to refuse to review orders that otherwise qualify for appeal as of right under Rule 54(b). *Little v. Mitchell,* therefore, has no bearing here.

 The order below wholly disposed of a claim or a party and may be termed "final" for Rule 54(b) purposes. However, the trial court has not directed entry of a final judgment on the claims dismissed, nor has it certified that no just reason exists for delaying the appeal. Absent such a judgment and certification, we cannot en-

---

**2.** The United States Supreme Court's remarks about the relationship between finality and certification are helpful:

> The District Court *cannot,* in the exercise of its discretion, treat as "final" that which is not "final" .... But the District Court *may,* by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals.

*Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900–01, 100 L.Ed. 1297 (1957) (emphasis in original).

tertain the appeal. Because the trial court appears to have considered itself somehow constrained by *Little v. Mitchell* from entering such a judgment and certification, we remand the matter for further consideration in light of the correct legal principles.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.