**ALL WEATHER INSULATION, INC.,**
**Plaintiff and Appellant,**

v.

**AMIRON DEVELOPMENT CORP., et al., Defendants, Respondents, and Cross-Appellants.**

No. 19530.

Supreme Court of Utah.

July 3, 1985.

Joseph R. Fox, Sandy, Gary H. Weight, Provo, for plaintiff and appellant.

Bruce A. Maak, Salt Lake City, for defendants, respondents, and cross-appellants.

### PER CURIAM:

In August, 1982, plaintiff filed this action to collect for materials furnished for a condominium construction project in Vernal, Utah. The parties named as defendants included the following: Amiron Development Corp., the record owner of the property; Herbert Bales, the general contractor for the project; Basin State Bank, the lender and trustee-beneficiary under a trust deed;[1] and various individuals and small businesses who had filed materialmen's liens or mechanic's liens against the property. The four causes of action specified in the complaint were (1) lien foreclosure, (2) breach of contract, (3) failure to obtain bond, and (4) quantum meruit. Following a series of answers, counterclaims, and cross-claims, the lenders filed a motion for summary judgment. After reviewing memoranda and pleadings (including affidavits), the district court ruled that the trust deed has priority over all lien claimants since it was recorded on August 4, 1981, and the "first visible work performed on the job site" occurred after that date.

Separate notices of appeal were thereafter filed by plaintiff and by some of the other defendants. Briefs on appeal focus primarily on whether there exists a genuine issue of material fact as to when construction on the site actually began. We do not address the merits of the appeal since it is not from a final order.

Parties to a suit generally are entitled to only one appeal as a matter of right, regardless of the number of parties or issues presented for dispostion. An appeal can be taken only from the entry of a

---

1. Two other lending institutions were also named as assignees of part of the beneficial interest of Basin State Bank.

judgment that finally concludes the action. *Pate v. Marathon Steel,* Utah, 692 P.2d 765 (1984). In the instant case, when the district court granted summary judgment in favor of defendants-lenders, the case was not concluded. There remained in the suit other claims and parties. Yet to be adjudicated are claims of breach of contract, unjust enrichment, and failure to obtain a construction bond. Although the summary judgment established the lenders' priority over the lien claimants' interests, the trial court has not determined issues pertaining to such things as the validity of the liens or the amounts secured by the liens. This purported appeal is therefore not from a final appealable order.

██ The parties have not availed themselves of the procedures of Utah R.Civ.P. 54(b), which permits an appeal of "fewer than all of the claims or parties" but only after district court certification. *See Pate v. Marathon Steel, supra.* Neither has review of an interlocutory order been granted by this Court under Utah R.Civ.P. 72(b) (now superseded by Utah R.App.P. 5.)

The appeal therefore must be, and is, dismissed and the matter is remanded to the trial court. *Kennedy v. New Era Industries, Inc.,* Utah, 600 P.2d 534 (1979); *Salt Lake City Corp. v. Layton,* Utah, 600 P.2d 538 (1979). No costs awarded.