**Mark W. HOFMANN, Plaintiff,**

v.

**Dean CONDER, Third District Judge, et al., Defendants.**

No. 21020.

Supreme Court of Utah.

Dec. 5, 1985.

Ronald Yengich, Salt Lake City, for petitioner.

David L. Wilkinson, Atty. Gen., Diane Wilkins, Asst. Atty. Gen., Ted Cannon, Salt Lake Co. Atty., Gerry D'Lia, Asst. Co. Atty., Salt Lake City, for respondents.

PER CURIAM.

This matter comes before the Court in an extraordinary proceeding to prohibit the district court from compelling petitioner's hospital nurse to testify about statements she overheard petitioner make to his attorney. The trial court made no findings of fact, although it prepared a memorandum decision. It appears from that decision that the controlling issue on which the trial court decided the matter was a legal one, namely, the standard determining when the presence of a third party during communications between a lawyer and client results in a waiver of the attorney-client privilege. We hold that the trial court erred in deciding that the attorney-client privilege established in U.C.A., 1953, § 78–24–8(2) and Rule 26 of the 1971 Rules of Evidence applies only if the presence of a third person, who overhears a confidential communication, is "necessary for ... urgent or life-saving procedures." The proper standard is whether the third person's presence is

reasonably necessary under the circumstances. *McCormick on Evidence* § 91, at 217–19 (E. Cleary 3d ed. 1984).

The record establishes that the presence of petitioner's hospital nurse was reasonably necessary under the circumstances. The threshold question of whether the communication was intended to be confidential was not ruled on by the trial court, or at least the judge's decision gives us no indication of his having made any factual findings on that question. Although there are ambiguities in the record, the totality of the circumstances surrounding petitioner's communications to his attorney require the inference that the communication was intended to be confidential and within the protection of the statutory privilege. Immediately before the communication, petitioner had requested the presence of his attorney, he had stated that he would not make a statement to the police that night, and he had acquiesced in the request of his attorney that the police and hospital security personnel not only leave the room but also go far enough away to be out of earshot. Given his helpless physical condition and the intensive nature of the hospital care he had been receiving throughout the evening and during this incident, we cannot infer that petitioner intended his communications to his attorney to be public. Since the presence of the hospital nurse was reasonably necessary under all the circumstances, the privilege was not waived because of that presence.

The order of the trial court is vacated, and this matter is remanded for the entry of a protective order preventing the disclosure by the witness of confidential communications overheard by her.

ZIMMERMAN, Justice (dissenting).

I agree that Judge Conder applied the wrong standard in concluding that the presence of the nurse made the attorney-client privilege unavailable.[1] A third person's presence should not avoid an otherwise available privilege if the third person's presence is reasonably necessary under the circumstances. *See McCormick on Evidence* § 91, at 217–19 (E. Cleary 3d ed. 1984). The evidence indicates that the nurse's presence was reasonably necessary for Hofmann's well-being.[2]

I disagree with the result reached by the Court, however, and would uphold the ruling below, because I conclude that petitioner has not met the threshold requirement for claiming an attorney-client privilege— petitioner has failed to establish that the communication between the client and the attorney was intended *by the client* to be confidential. *Id.* at 217. As Justice Wolfe wrote for the Court in *Anderson v. Thomas*, 108 Utah 252, 262, 159 P.2d 142, 147 (1945), "The mere fact that the relationship of attorney and client exists between two individuals does not *ipso facto* make all communications between them confidential." Quoting with approval from *Wigmore on Evidence*, section 2311, he added: "'[T]he circumstances [must] indicate whether by implication the communication was of a sort intended to be confidential.'" I think the Court slights this inquiry. By failing to carefully consider the question of the client's intent, courts may shield from scrutiny communications that the privilege was not created to protect.

There is evidence in the record sufficient to establish that the attorney thought the

---

**1.** This matter is before us on a petition for an extraordinary writ. I question the appropriateness of that vehicle for determining the correctness of the trial court's action. However, given the extraordinary public speculation this matter has engendered, it is appropriate that we make every effort to insure that the proceedings are as error free as possible. Therefore, I would treat the petition as an interlocutory appeal under Rule 26(b)(3) of the Rules of Criminal Procedure or Rule 5 of the Rules of Appellate Procedure and apply the standard of review appropri-

ate to an appeal. *See Pate v. Marathon Steel Co.*, Utah, 692 P.2d 765, 766 (1984).

**2.** I also conclude that the privilege is not lost if a third person whose presence is not otherwise justified overhears a confidential attorney-client communication without the client's knowledge, so long as reasonable precautions were taken to protect against overhearing. *McCormick, supra*, at 213–18 & n. 5. However, because the nurse's presence was justified, the reasonableness of the precautions taken to exclude third parties has no bearing on the question before us.

communication was at least private and perhaps confidential. However, I find the record very sparse on the question of the client's intention. Although the client was available to give an affidavit in support of his claim of privilege, the record is strangely devoid of direct evidence as to the client's state of mind at the time of the communication. As for the facts and circumstances in the record that constitute indirect evidence of his intent, I find them ambiguous at best. All persons must give evidence, unless they establish a recognized justification for refusing to do so. Petitioner has the burden of establishing that the communication was privileged. On the present state of the record, I conclude that petitioner has not carried this burden. Therefore, I would uphold the trial court's refusal to find the communication privileged.

