**William M. YORK, Plaintiff and Appellant,**

**v.**

**UNQUALIFIED WASHINGTON COUNTY ELECTED OFFICIALS, Defendant and Respondent.**

**No. 19985.**

Supreme Court of Utah.

Feb. 6, 1986.

William M. York, pro se.

V. Lowry Snow, St. George, for defendant and respondent.

**PER CURIAM:**

Appellant William M. York filed in the district court a pro se "Request for Declaratory Judgment," accusing unnamed Washington County elected officials of being unqualified to hold public office. After rulings by the district court on various motions to dismiss and to quash service, York filed an amended petition specifically naming as defendants the elected officials of the county.[1] The amended petition was

---

1. Washington County officials named as defendants in the amended petition are the county commissioners, clerk, auditor, sheriff, attorney, recorder, assessor, constables, surveyor, and jus-

also dismissed by an order of dismissal entered on March 14, 1984, which allowed the plaintiff leave to amend.

Thereafter, York chose not to amend his petition, but instead filed a "Motion to Reinstate Action and to Act Immediately on Petition and Accusation." In essence, this motion demanded that the court rethink its prior dismissal and order county officials to immediately vacate their offices. Upon hearing, this motion was denied, and plaintiff filed a notice of appeal. In his notice, York appeals from the "Final Order of Judge J. Harlan Burns as to Petitioners Motion to Reinstate Action and to the order of dismissel [sic]."

■ Initially, we observe that the denial of the "Motion to Reinstate Action" was not a final, appealable order. The final order from which York was entitled to appeal was the lower court's order of dismissal of the amended petition, entered on March 14, 1984. To the extent he only appeals from the denial of his "Motion to Reinstate," York's appeal is without merit. *See Peay v. Peay*, Utah, 607 P.2d 841 (1980); *Pearson v. Pearson*, Utah, 641 P.2d 103 (1982); *Sun Land & Cattle Co. v. Brown*, Wyo., 387 P.2d 1004 (1964).

If plaintiff's notice is to be construed as an appeal from the March 14th order which dismissed the amended petition, then the appeal is from a final order. Assuming that in this case a liberal construction of plaintiff's motion to "reinstate" might allow for the interpretation that it was intended as a motion to amend the judgment or for new trial under Rule 52(b) or Rule 59, Utah R.Civ.P., then we will treat the appeal as a timely appeal from the dismissal of the amended petition. In that event, we affirm the dismissal of the amended petition for lack of standing by plaintiff to present his claims.

■ York's amended petition fails to allege any facts which show that he has any personal stake in the controversy he raises. In order to have standing, a plaintiff must show that he is adversely affected by the governmental action. A mere allegation of an adverse impact without more is insufficient. *Jenkins v. Swan*, Utah, 675 P.2d 1145, 1150 (1983).

Plaintiff does claim that his legal rights (and those of all others of similar circumstance) are at jeopardy and he will be adversely affected unless the court acts immediately to protect him from the "unlawful acts of certain ... county elected officials." But these conclusory allegations are not supported by reference to any specific facts that show any jeopardy, adverse impact, or injury. *Baird v. State*, Utah, 574 P.2d 713, 717 (1978). We do not find any allegation or other indicia that York, in fact, has a personal stake in this controversy. Absent allegation or showing of specific injury or adverse impact which is causally related to the alleged illegal activity, York does not meet the traditional standing test.

■ Further analysis of York's claims also cannot justify standing when his allegations suggest that there are other potential plaintiffs who may be more directly impacted or interested in the controversy raised. York does not distinguish himself from any other resident, property owner, or taxpayer of Washington County. His amended petition alleges that other persons in similar circumstances will suffer the same unidentified jeopardy to their legal rights and status as plaintiff. Plaintiff may not allege jeopardy or injury to others in order to confer standing upon his own claims. *Id.; Jenkins v. Swan*, 675 P.2d at 1151; *Hoyle v. Monson*, Utah, 606 P.2d 240 (1980).

■ Accordingly, we find that York lacks standing to bring his claim against defendants. We affirm the dismissal of plaintiff's amended petition. No costs awarded.

STEWART and HOWE, JJ., concur in the result.

---

tices of the peace. Plaintiff claims these offices are vacant because defendants failed to post the bonds required by U.C.A., 1953, § 17-16-11 (as amended).