**Marvin A. DALTON, Jr., Plaintiff and Petitioner,**

v.

**Brian G. HEROLD, Defendant and Respondent.**

No. 950414.

Supreme Court of Utah.

March 7, 1997.

George Waddoups, West Valley, for plaintiff and petitioner.

Mark Dalton Dunn, Kevin D. Swenson, Salt Lake City, for defendant and respondent.

### ON CERTIORARI TO THE UTAH COURT OF APPEALS

HOWE, Justice:

We granted certiorari to review an unpublished decision of the court of appeals reversing an additur that the trial court had granted after determining that a jury award of personal injury damages to plaintiff was inadequate. *Dalton v. Herold*, No. 940170–CA (Utah Ct.App. July 27, 1995), *cert. granted*, 910 P.2d 425 (1995).

Plaintiff Marvin A. Dalton and defendant Brian G. Herold were involved in an automobile-motorcycle accident in which plaintiff suffered facial and other injuries. A jury found that defendant was 80% negligent and that plaintiff had sustained $3,000 in special damages and $5,000 in general damages. Plaintiff moved for a new trial or an additur. The trial court denied the motion for a new trial, determined that damages were inadequate, granted plaintiff an additur of $19,-910.24, and ordered that "defendant may ac-

cept this ruling, or request a new trial." When defendant failed to act, the trial court entered judgment according to the terms of the additur in the total amount of $26,246.99. Defendant appealed, and we transferred the case to the court of appeals, which reversed the additur after declining to consider whether the damage award had been given under the influence of passion or prejudice, as provided in Utah Rule of Civil Procedure 59(a)(5), because the court found ·that the award failed to meet the threshold test of being "so inadequate as to indicate a disregard of the evidence by the jury."

■ Plaintiff assails the decision of the court of appeals on several grounds. However, we dispose of this case on a more basic ground not argued by the parties. The court of appeals erred in addressing the merits of the additur because the trial court did not follow the correct procedure in making it. The trial court made the additur contingent upon the failure of defendant to move for a new trial. This was error. An additur is not a default position but a specific alternative to the grant of a new trial and must be explicitly accepted by defendant, which did not occur here. The correct procedure would have been for the trial court to have granted a new trial to plaintiff unless defendant affirmatively accepted the additur within a designated time period (such as ten days). *See Bodon v. Suhrmann,* 8 Utah 2d 42, 327 P.2d 826 (1958).

■ The objective of an additur or a remittitur is " 'to avoid the delay and expense of an appeal or a new trial. In most situations, it is likely that the party will accept judgment for such [altered] damages rather than undergo the expense, delay and uncertainty of result of an appeal or new trial.' " *Terry v. Zions Co-op. Mercantile Inst.,* 605 P.2d 314, 327 (Utah 1979) (quoting *Plesko v.*

*City of Milwaukee,* 19 Wis.2d 210, 120 N.W.2d 130 (1963)), *overruled on other grounds, McFarland v. Skaggs Cos.,* 678 P.2d 298 (Utah 1984). In harmony with this objective, "the generally accepted rule provides that a party who accepts a remitted amount cannot thereafter appeal the propriety of the remittitur order." *Id.* at 326 (citing *Donovan v. Penn Shipping Co.,* 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977)).[1] In *Donovan,* the plaintiff accepted a remittitur under protest and attempted to reserve the right to appeal. Nevertheless, the United States Supreme Court noted that "[a] line of decisions stretching back to 1889 has firmly established that a plaintiff cannot appeal the propriety of a remittitur order to which he has agreed," 429 U.S. at 649, 97 S.Ct. at 836 (citations omitted), and held that "a plaintiff in federal court, whether prosecuting a state or federal cause of action, may not appeal from a remittitur order he has accepted." *Id.* Thus, a properly accepted remittitur or additur is analogous to a settlement agreement. It is a consent decree. The Utah Rules of Appellate Procedure provide that appeal may be taken from a final judgment, but they do not contemplate appeal from a consent decree. Utah R.App.P. 3(a) (1996). While a defendant may refuse to accept a proposed additur, he may not appeal from an additur that he has accepted. If he refuses the additur, a new trial must follow, and the grant of a motion for a new trial is unappealable because it is not a final judgment. *See Haslam v. Paulsen,* 15 Utah 2d 185, 186, 389 P.2d 736, 736 (1964) ("The right of appeal is from final judgments," and an "order granting a new trial is not a final judgment.").

We vacate the decision of the court of appeals, reverse the trial court's judgment, which included the additur, and remand the

---

1. The cases addressing the issue of appeal concern grants of remittitur. At least for the purposes of an analysis limited to that issue, remittitur and additur are two sides of the same coin. Each can be characterized as a form of settlement agreement, and the parties who have assented to such are in no position to complain. We note, however, that federal law does not recognize the additur as a viable alternative to a new trial. In *Dimick v. Schiedt,* 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935), the United States Supreme Court concluded that a remittitur and an additur fundamentally differ in that the reduced damages remaining after a remittitur constitute at least part of the award granted by the jury, while with an additur the increase over the original award was never contemplated by the jury. The Supreme Court reasoned that "the power to conditionally increase the verdict of a jury does not follow as a necessary corollary from the power to conditionally decrease it." 293 U.S. at 485, 55 S.Ct. at 300.

case to the trial court for further proceedings, which may include granting a new trial unless defendant, within a time certain, affirmatively accepts an additur proposed by the trial court.

ZIMMERMAN, C.J., and DURHAM and RUSSON, JJ., concur.

STEWART, Associate Chief Justice, concurring:

I concur but write to note one point on the conditional nature of remittiturs and additurs. The majority holds that a court may not impose an additur unless it is expressly accepted as an alternative to a new trial. The same is not true in all cases for remittiturs, as the majority position might be construed to imply. Under federal law, a remittitur need not be conditional if it is "apparent as a matter of law that certain identifiable sums included in the verdict should not have been there." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2815 (1995). Hence in some cases, a court may impose the remittitur without the express consent of the plaintiff. *Id.* I would leave open the question of whether an analogous situation could present itself with respect to civil defendants in cases of additurs.