967 P.2d 947 (1998)
In the Matter of the ADOPTION OF BABY K. aka Baby E., a minor.
R.H.D., Plaintiff and Appellant,
v.
S.F. and M.F., Defendants and Appellees.
No. 971437-CA.
Court of Appeals of Utah.
October 22, 1998.
*948 Joyce Maughan, Salt Lake City, for Appellant.
Les F. England, Park City, for Appellees.
Before Judges DAVIS, BENCH, and ORME.
ORME, Judge:
A child's natural father, whose consent to the child's adoption was earlier held unnecessary, sought relief from that determination when the prospective parents abandoned their adoption petition.[1] The trial court denied the requested relief and the natural *949 father appeals. We hold that we lack jurisdiction because the natural father has not appealed from a final judgment.[2] Accordingly, we dismiss the appeal.

BACKGROUND
In early 1995, W.H. and R.H.D., both unmarried residents of California, conceived a child. W.H., the child's natural mother, later moved to Utah and, on October 22, 1995, gave birth to Baby K. On October 23 or 24, the mother relinquished Baby K. to L.D.S. Social Services, which placed Baby K. in the home of S.F. and M.F. R.H.D., the child's natural father, filed a paternity action in Salt Lake City on October 30. Two days later, he filed a Notice of Commencement of Paternity Proceeding with the Utah Department of Health, Bureau of Vital Statistics. On November 7, after staying with S.F. and M.F. for two weeks, Baby K. returned to her birth mother, who was then residing at a friend's home. After Thanksgiving, Baby K.  this time accompanied by her birth mother  moved back in with S.F. and M.F.
On December 15, 1995, S.F. and M.F. filed a petition for adoption and, on December 21, filed a motion to terminate the rights of the natural father. On December 22, S.F. and M.F. filed a notice of adoption proceedings to which the natural father responded on March 1, 1996, by filing a motion to dismiss the petition for adoption. On the final Saturday of May 1996, after living with S.F. and M.F. for approximately six months, Baby K. and her mother moved out of S.F.'s and M.F.'s home and in with the mother's relatives.
On June 28, 1996, after considering a series of motions relating to discovery and holding an evidentiary hearing, the trial court issued a memorandum decision. The father objected to the decision and S.F. and M.F. requested an entry of order. Finally, on August 28, 1996, the court reissued its decision in the form of Findings of Fact, Conclusions of Law and Judgment (1996 decision). In its 1996 decision, the court denied the natural father's motion to dismiss the petition for adoption based upon its finding that his consent was not required for Baby K.'s adoption because he had surrendered any rights in Baby K. by failing to comply strictly with applicable statutory requirements. The trial court, however, neither granted the petition for adoption nor issued a decree of adoption. Sometime before October 1, 1996, S.F. and M.F. decided not to continue their attempt to adopt Baby K., and, on that date, the birth mother placed Baby K. with a new set of adoptive parents.
A few weeks later, the father filed a motion and supporting memorandum asking the court to set aside its 1996 decision. In his memorandum, he stated he had recently discovered that S.F. and M.F. no longer wanted to adopt Baby K. and that they had relinquished custody back to her mother. S.F.'s and M.F.'s counsel, now purporting to represent the birth mother,[3] filed a memorandum in opposition to the father's motion accompanied by S.F.'s and M.F.'s affidavit confirming they no longer intended to adopt Baby K.[4] After a hearing, the court issued an amended order denying the father's motion.
In this decision of June 13, 1997, the court concluded that although S.F. and M.F. relinquished custody to the mother and no longer sought to adopt Baby K., the public policy reflected in Utah Code Ann. § 78-30-4.12 (1996) required that Utah Code Ann. § 78-30-4.14(2)(b) (1996)  applicable to adoptions before the child is six months of age  continue governing the waiver and surrender of the father's rights. The court further found that because S.F. and M.F. chose to terminate their adoption efforts only after the natural *950 father contacted them, see supra note 4, reinstating the father's rights would encourage putative fathers to interrupt the relationships of children and their adoptive families in a way not intended by the Legislature. Accordingly, the court denied the father's motion for relief from the 1996 decision.
The natural father appeals this denial claiming, first, that because Baby K. had been placed with a new adoptive family after she was six months of age, the court incorrectly applied section 78-30-4.14(2)(b) in concluding that his consent was unnecessary because he failed to satisfy that section's requirements. Second, the father argues that S.F. and M.F. lacked standing to contest his motion to set aside the 1996 decision because they no longer sought to adopt Baby K.

ANALYSIS
"Where an appeal is not properly taken, this court lacks jurisdiction and the remedy is dismissal of the appeal." In re Southern Am. Ins. Co., 930 P.2d 276, 278 (Utah Ct.App.1996). Accord A.J. Mackay Co. v. Okland Constr. Co., 817 P.2d 323, 325 (Utah 1991) (dismissing appeal because remaining counterclaim precluded order on appeal from being final). The Legislature has expressly delineated which appeals this court may hear, conferring appellate jurisdiction over, inter alia, "appeals from the district court involving ... adoption, and paternity," Utah Code Ann. § 78-2a-3(2)(h) (1996). However, such appeals can only be taken from "final orders and judgments, except as otherwise provided by law." Utah R.App. P. 3(a).
An order is final only if it disposes of "all the claims of all the parties." Kennedy v. New Era Indus., Inc., 600 P.2d 534, 535-36 (Utah 1979) (emphasis in original). Accord Southern Am. Ins. Co., 930 P.2d at 278; Utah R. Civ. P. 54(b). Here, the trial court merely decided not to reconsider its denial of the natural father's motion to dismiss S.F.'s and M.F.'s petition for adoption. In neither its 1996 denial of dismissal nor its 1997 denial of the motion to reconsider did the court enter a decree of adoption for S.F. and M.F. or otherwise resolve their petition. Accordingly, the denial decisions were interlocutory in nature and did not dispose of all claims of all parties. Thus, the court's denial of the father's motion to reconsider was not a final order. Accordingly, we have no jurisdiction to review the 1997 decision unless it falls within an exception to the final judgment rule. See Southern Am. Ins. Co., 930 P.2d at 278. See also Little v. Mitchell, 604 P.2d 918, 919 (Utah 1979) (reaffirming prior order dismissing appeal because trial court's denial of motion to dismiss was not a final order).
As exceptions to the final judgment rule, a party may appeal an interlocutory order if a governing statute so provides; if the trial court properly certifies the order under Rule 54(b); or if this court grants permission for an interlocutory appeal under Rule 5 of the Utah Rules of Appellate Procedure. See A.J. Mackay Co., 817 P.2d at 325; Southern Am. Ins. Co., 930 P.2d at 279. Here, the adoption statutes do not address when parties may appeal and, specifically, do not create any exceptions to the usual rule that a final judgment must be entered before an appeal may be taken as a matter of right. See Utah Code Ann. §§ 78-30-1 to -19 (1996 & Supp.1998). In addition, the trial court did not certify its 1996 denial of the father's motion to dismiss or its 1997 denial of the father's motion to reconsider under Rule 54(b). Finally, we have not been asked for leave to take an interlocutory appeal nor have we granted permission for an interlocutory appeal under Rule 5. Therefore, the 1997 decision does not fit within an exception to the final judgment rule.[5] Accordingly, we lack jurisdiction to consider this appeal.

CONCLUSION
In sum, we cannot address the natural father's claim that the trial court erred in *951 denying his motion to reconsider its denial of his motion to dismiss. Because this order did not dispose of all claims of all parties, it was not a final judgment. In addition, no exception to the finality requirement applies in this case.
Accordingly, we lack jurisdiction over this appeal, and it is therefore dismissed.
DAVIS, P.J., and BENCH, J., concur.
NOTES
[1] The natural father, R.H.D., moved under Utah Rule of Civil Procedure 60(b) for relief from judgment. However, "the substance, not caption, of a motion is dispositive in determining the character of the motion." Trembly v. Mrs. Fields Cookies, 884 P.2d 1306, 1310 n. 2 (Utah Ct.App. 1994) (treating Rule 60(b) motion as a Rule 54(b) motion). Rule 60 provides for relief from a "final judgment, order, or proceeding," Utah R. Civ. P. 60(b), and "interlocutory judgments are not brought within the restrictions of the rule." Fed.R.Civ.P. 60 advisory comm. note. Instead, under Rule 54, interlocutory orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Utah R. Civ. P. 54(b). As discussed later, the determination that the father's consent was not necessary, which was memorialized in an order denying his motion to dismiss the adoption petition, was not a final judgment. Accordingly, his motion to reconsider that denial is properly viewed as a motion in contemplation of Rule 54(b) rather than a Rule 60(b) motion.
[2] Neither party has noted that R.H.D. appeals an order that is not final. Nonetheless, the parties' acquiescence does not confer jurisdiction on the court, "and a lack of jurisdiction can be raised by the court or either party at any time." A.J. Mackay Co. v. Okland Constr. Co., 817 P.2d 323, 325 (Utah 1991).
[3] S.F.'s and M.F.'s counsel claims he represents the mother instead of S.F. and M.F. Nonetheless, counsel filed no entry of appearance regarding the mother and no notice of withdrawal concerning S.F. and M.F.
[4] S.F. and M.F. declined to proceed with the adoption because of the father's frequent, unwelcome contacts with them and their resulting concern that he would interfere with and undermine their relationship with Baby K. for years to come.
[5] This court has previously rejected the federal "collateral order doctrine" of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), under which the order appealed from might be regarded as final. See Southern Am. Ins. Co., 930 P.2d at 280; Merit Elec. v. Utah Dep't of Commerce, 902 P.2d 151, 153 (Utah Ct.App.1995).