2011 UT App 346

## Adam PIERUCCI and Lisa Pierucci, Plaintiffs and Appellants,

v.

## U.S. BANK, N.A., Trustee for Structured Asset Securities Corporation, series 2006–GEL3; and Etitle Insurance Agency, LLC, a Utah limited liability company, Defendants and Appellee.

### No. 20110609–CA.

Court of Appeals of Utah.

Oct. 14, 2011.

Justin D. Heideman and Bradley J. Weber, Provo, for Appellants.

Richard Gunnerson, Brad G. DeHaan, and Brigham Lundberg, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶1 Adam and Lisa Pierucci appeal the district court's June 23, 2011 order denying their motion to strike and granting U.S. Bank's motion to set aside the default certificate. This matter is before the court on a sua sponte motion for summary disposition.

¶2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶9, 5 P.3d 649. For an order or judgment to be final, it must "dispose of all parties or claims to an action." *Id.* ¶10. The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶12. An order setting aside default is not final for purposes of appeal. *See Pearson v. Pearson*, 641 P.2d 103, 104 (Utah 1982). "[A]n order that does not wholly dispose of a claim or a party is not 'final' under rule 54(b) and will not be appealable, even with such certification." *Pate v. Marathon Steel Co.*, 692 P.2d 765, 768 (Utah 1984).

¶3 The order denying the Pieruccis' motion to strike U.S. Bank's answer and granting U.S. Bank's motion to set aside the default certificate does not wholly dispose of a claim or a party. Thus, the order is not eligible for rule 54(b) certification. *See id.* Because the order was not appropriately certified, the order is not final for purposes of appeal, and this court lacks jurisdiction to consider the appeal. *See Bradbury*, 2000 UT 50, ¶9, 5 P.3d 649. When this court lacks jurisdiction, we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App.1989).

¶4 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final, appealable order.