## MORRIS et al. v. CLARK et al.

No. 6248.   Decided April 18, 1941.   (112 P. 2d 153.)

Rehearing Denied July 16, 1941.

*P. C. O'Malley,* of Pocatello, Idaho, and *George M. Mason,* of Brigham City, for appellants.

*Stephens, Brayton & Lowe,* of Salt Lake City, for respondents.

McDONOUGH, Justice.

Appeal from a judgment entered in the district court in favor of defendants and against plaintiffs. The action was brought in the lower court by the special administratrix of the estates of Washington Pocatello and Minnie Pocatello, his wife, and their heirs, to quiet title to a one-third interest in an eighty-acre tract of land in Box Elder County, Utah, and for an accounting of the rents, issues and profits. Defendants, respondents here, denied the claims of plaintiffs, asserted full title to said tract in themselves, and prayed a decree quieting same as against plain-

tiffs. The trial court by its judgment dismissed plaintiff's complaint and granted defendants the relief prayed.

Heretofore, this court, by motion duly interposed by respondents, entered an order striking appellant's bill of exceptions. The case is, therefore, before us on the judgment roll and the assignments of error applicable thereto. Nearly all of such assignments go to the sufficiency of the evidence to support the findings of the trial court. Those which require an examination of the stricken bill of exceptions we may not, of course, consider.

Plaintiffs' intestates were Shoshone Indians residing on the Fort Hall Indian Reservation in Idaho. The tract of land in question was not allotted land but was acquired by the ancestor of Washington Pocatello, one Yaotes Owa, through homesteading of the land and the issuance of patent from the United States. Yaotes Owa died in Box Elder County, Utah, in the late eighties. Probate proceedings on her estate were not commenced until 1917. By a decree of distribution made therein, November 7, 1919, a one-third interest in the 80-acre tract in question was decreed to Washington Pocatello. However, about February 2, 1917 —more than two years prior to the date of said decree— the said Washington Pocatello and his wife, Minnie, entered into a contract to sell the eighty-acre tract to one U. F. Diteman, predecessor in interest of respondents herein, for a consideration of $3,200 payable $200 in cash with annual installments of $300 payable in December of each year, the last installment becoming due, therefore, in December, 1926. A warranty deed reciting a consideration of $3,200 was executed by Washington and his wife Minnie, as sole heirs of Yaotes Owa, to the 80-acre tract, and said deed was deposited with the First National Bank of Pocatello, Idaho, as escrow depositary, to be held by it until the full purchase price was paid, and thereupon to be delivered to the grantee therein named. An affidavit setting forth the terms of the agreement was executed by the cashier of the bank and filed of record in the office

of the County Recorder of Box Elder County. Washington Pocatello died April 27, 1917 — less than three months after executing said deed — and Minnie, his wife, died May 28, 1928.

On January 12, 1920, one Charles E. Foxley was appointed administrator of the estate of Washington Pocatello. The deed placed in escrow, as hereinabove recited, was on November 10, 1919, filed of record with the County Recorder of Box Elder County, having been theretofore delivered by the escrow holder to an agent of the grantee therein named.

At the time of the trial, the First National Bank of Pocatello, Idaho, had been liquidated. Foxley, the administrator of the estate of Washington Pocatello, had long since left the jurisdiction of the court. However, it appears from the pleadings that some time after his appointment as administrator and after the date when the deed was recorded, Foxley reported to the probate court that he had received $995—property of the estate—from the First National Bank of Pocatello, Idaho. This report was never passed upon by the court.

By their pleadings, in addition to setting forth the facts hereinabove recited, plaintiffs alleged that the deed placed in escrow was delivered by the depositary upon payment of only $1,000 of the consideration recited therein and agreed to be paid, that defendants had full knowledge of such facts when they purchased the premises and hence were not bona fide purchasers thereof. Upon these issues the trial court found in favor of defendants and against plaintiffs. On the issue of payment vel non of the full consideration to the depositary before the delivery by it of the deed, the court made the following finding:

"* * * that the depositary bank had no right to deliver the Deed to said property without a full compliance with the terms and obligations of the Escrow Agreement but the Court finds that the Deed was regular on its face, recited the consideration of $3200.00 and from the evidence in the case the Court finds that said $3200.00

recited in the Deed was paid to said Escrow Holder and that the transaction with said Bank was not fraudulent * * *."

Despite the striking of their bill of exceptions, appellants argue that such finding is not supported by the evidence. They contend that by the admissions in defendants' pleadings that Foxley, administrator, had reported in the estate proceedings the receipt of only approximately $1,000 from the depositary bank and that the affidavit of the cashier of such bank hereinabove adverted to, setting forth the terms of the escrow was placed of record, plus the record of the probate proceedings in the Estate of Washington Pocatello—of which though contained in the stricken bill of exceptions they contend we must nevertheless take judicial notice—it is conclusively shown that the escrow deed was delivered without performance of the conditions. With this contention we cannot agree. The report of the administrator was never heard or passed on by the probate court. We cannot say that it necessarily spoke the truth with respect to the amount received by the administrator from the bank, nor that the report establishes that the bank delivered to him the total amount paid by the grantee in the deed, especially since the stricken bill may contain evidence which precludes any inference whatever which might possibly be drawn therefrom.

Appellants make the further contention that even though the condition of the escrow was fully performed at the time of the delivery of the deed, nevertheless since delivery was made subsequent to the death of Washington Pocatello, it was an invalid delivery, and passed no title—the death of the principal revoking the authority of the agent depositary. They cite 2 C. J. S., Agency, § 86, p. 1174, which discusses the rule that an agent's authority is ordinarily terminated by the death of his principal. However, this text and the cases there cited have no application to an escrow depositary. The rule with respect thereto is correctly stated at p. 878 of 21 C. J. as follows:

"Until the escrow contract has been made, the depositary has no rights or authority enforceable at law, but when it has been made and the instrument deposited, he becomes the agent of both parties; and the death of a party prior to the performance of the condition, does not affect the depositary's obligation to perform the duties imposed upon him by the escrow contract. When the condition upon which the instrument is to take effect is performed, the depositary becomes a mere agent or trustee of the grantee and his possession is equivalent to possession by the grantee."

See also, 7 Thompson on Real Property, Permanent Edition, Sec. 4205, p. 679.

Argument is made, in favor of appellent's title, to the effect that by the decree determining heirship and of distribution in the estate of Yaotes Owa there was distributed to the estate of Washington Pocatello a one-third interest therein, and that such decree establishes title of the heirs. Further, that title to such interest having vested in the heirs of Washington Pocatello upon the latter's death, it could thereafter be divested only by the act of the heirs themselves or by decree of a competent court. But all this disregards the escrow deed executed by the heir's intestates and the finding of the court that the agreed purchase price was paid to the escrow holder at the time of delivery of the deed. Under such finding by virtue of the doctrine of relation back of title to the time of delivery of the deed (which we consider applicable under the facts as found by the trial court), in effect, no interest vested in the heirs or in his estate. Should Washington Pocatello have lived until the date of the decree of distribution in the estate of Yaotes Owa, and the court have then decreed to him the one-third interest, the conditions of the escrow agreement having in the meantime been fully complied with by the grantee in the escrow deed and the deed delivered, the decree of the court would merely confirm the title thereto warranted in the deed. The same result is effected by delivery upon performance of the conditions after death of the grantor.

8

Appellant questions whether Washington and Minnie Pocatello, being Indian wards of the government, could enter into a valid contract and execute a conveyance. They concede that the period during which, under congressional enactment, there were restrictions upon alienation, had long since passed at the time of the transaction. As far as revealed by the judgment roll, any other conditions prescribed by law requisite to a valid contract by such Indians may have been—if at all applicable—complied with.

In view of our holding that we may not on the record before us disturb the finding of the trial court to the effect that there was full compliance with the condition of the escrow before delivery of the deed to the grantee therein, it becomes unnecessary to discuss the court's holding that plaintiff's action was barred by the statute of limitations or to consider the question discussed in appellants' briefs relative to whether defendants were innocent purchasers for value, as found by the trial court, or whether such purchaser from a grantee who wrongfully obtained a deed deposited in escrow is vested with title.

The judgment of the district court is affirmed. Costs to respondent.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.