Charles E. FREEGARD, Plaintiff
and Appellant,

v.

FIRST WESTERN NATIONAL BANK, a corporation; and Fire Insurance Exchange, a corporation, Defendants and Respondents.

Charles E. FREEGARD, Plaintiff
and Appellant,

v.

FIRST WESTERN NATIONAL BANK, a corporation, Defendant and Respondent.

Nos. 19503, 19794.

Supreme Court of Utah.

May 12, 1987.

Edward Brass, J. Peter Mulhern, Richard MacDougall, Edward Sweeney, Salt Lake City, John Rokich, Magna, for plaintiff and appellant.

John T. Morgan, Arthur Strong, Salt Lake City, Blair Woods, Aldine J. Coffman, Moab, Dayle Jeffs, Provo, for defendants and respondents.

HALL, Chief Justice:

These two cases, consolidated for purposes of appeal, arise out of a dispute over whether defendants misdirected or otherwise mishandled insurance proceeds due plaintiff. The trial court dismissed both cases, granting judgment on the pleadings in favor of defendants. Plaintiff appeals.

The pleadings reflect that plaintiff sold certain real property to vendees Janice Campbell and Donald Clark under a uniform real estate contract. By the terms of their agreement, the vendees were required to insure the buildings and improvements on the premises in an amount not less than the unpaid balance on the contract, to assign said insurance to plaintiff as seller, and to deliver the insurance policy to him.

Plaintiff, vendees, and defendant First Western National Bank (First Western) entered into an escrow agreement wherein First Western was to collect the contract payments and credit them to plaintiff's account. The escrow agreement expressly relieved First Western of liability for any loss or damage except as "caused by your own negligence or willful misconduct."

In January 1981, a house upon the subject property was destroyed by fire. Fire Insurance Exchange issued a check for $35,727.61 payable to First Western and vendee Clark to cover the fire loss. First Western endorsed the check and forwarded it to Clark. First Western then refused plaintiff's subsequent demand to reimburse him for the insurance proceeds released to Clark.

In the first case filed, plaintiff's complaint alleged that First Western breached its duty by wrongfully paying over the insurance proceeds to vendee Clark. The second count of the complaint, directed at defendant Fire Insurance Exchange, averred that in September 1978, Fire Insurance Exchange accepted an insurance application executed by Clark and Campbell, d/b/a Far County Enterprises of Moab, Utah. The application incorrectly stated that First Western was the mortgagee, and pursuant to this application, an insurance policy was issued on the premises and renewed on an annual basis. Plaintiff's complaint alleged that Fire Insurance Exchange was liable for paying the wrong party for the loss. The demand for relief sought a joint and several judgment against First Western and Fire Insurance Exchange for special damages and costs and sought exemplary damages and attorney fees against First Western.

First Western and Fire Insurance Exchange filed separate answers. Subsequently, First Western filed a motion for judgment on the pleadings. The court granted the motion, and judgment was entered in August 1983, stating that plaintiffs had no cause of action against First Western. From this judgment, an appeal was taken.

In September 1983, plaintiff initiated a second action solely against defendant First Western. The complaint sought relief for the same conduct, transaction, or occurrence as contained in the first complaint, except that it set forth in more particularity the willful misconduct or negligence complained of, namely, the failure to notify Fire Insurance Exchange that First Western was not a proper payee of the insurance proceeds and the endorsement of the insurance draft over to vendee Clark in disregard of plaintiff's interest. First Western again moved to dismiss the complaint based upon principles of res judicata and because the pleaded facts failed to establish a duty upon which an action could lie. The trial court agreed on both grounds and dismissed the second complaint.

■ Dispositive of plaintiff's appeal in the first case is the fact that at the time

the appeal was taken, plaintiff's cause of action against Fire Insurance Exchange had not been resolved and therefore remained pending. As a consequence, the judgment was not final and thus not appealable in the absence of a direction of finality from the trial court.[1]

Counsel represented at the time of oral argument that the trial court had since dismissed the action against Fire Insurance Exchange. However, the subsequent dismissal, having occurred after the fact, does not cure the procedural defect which deprives this Court of jurisdiction. The first appeal is therefore dismissed as not having been taken from a final judgment.[2]

In dismissing the complaint in the second case, the trial judge relied upon the doctrine of res judicata as one ground for dismissal. However, because the judgment in the first case lacked finality, the doctrine of res judicata had no application, and thus it was error to dismiss on that ground.

In regard to the trial judge's second ground for dismissal, that of no duty or obligation on the part of First Western to protect plaintiff's interest in the insurance proceeds, we are not so persuaded.

A motion to dismiss [3] is only appropriate when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim.[4] In the instant case, the complaint adequately states a cause of action against First Western based upon the fiduciary duty owed by an escrow agent to its principal.[5] Under ordinary principles of agency, First Western had a duty to both parties to the escrow agreement and was required to exercise reasonable skill and ordinary diligence in disbursing the funds which came into its hands by virtue of its status as escrow agent.[6]

It is well established that an escrow agent assumes the role of the agent of both parties to the transaction,[7] and as such, a fiduciary is held to a high standard of care in dealing with its principals. In addition, the escrow agreement in this case expressly imposes liability on the escrow agent for loss or damage caused either by negligence or by willful misconduct.

The contractual obligation of First Western was clear; it was charged with the responsibility of collecting the balance due on the sales agreement and disbursing the funds to plaintiff. Whether First Western breached its agreement by failing to pay over the insurance proceeds to plaintiff as part of the balance owing in the sales contract is an issue of fact appearing on the face of the pleadings.

The dismissal is vacated and set aside, and the case is remanded for trial on the merits. Costs to appellant.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

1. Provided for by Rule 54(b) of the Utah Rules of Civil Procedure.

2. *Williams v. State,* 716 P.2d 806, 807–08 (Utah 1986); *Pate v. Marathon Steel Co.,* 692 P.2d 765, 767–68 (Utah 1984).

3. Pursuant to Rule 12(b)(6) of the Utah Rules of Civil Procedure.

4. *Christensen v. Lelis Automatic Transmission Service, Inc.,* 24 Utah 2d 165, 168, 467 P.2d 605, 607 (1970).

5. *National Bank v. Equity Investors,* 81 Wash.2d 886, 910, 506 P.2d 20, 35 (1973) (en banc); *see also Tucson Title Ins. Co. v. D'Ascoli,* 94 Ariz. 230, 383 P.2d 119 (1963).

6. *See* 81 Wash.2d at 910, 506 P.2d at 35.

7. *Id; see also Morris v. Clark,* 100 Utah 252, 257, 112 P.2d 153, 155, *cert. denied,* 314 U.S. 584, 62 S.Ct. 361, 86 L.Ed. 472 (1941).