**Ardell GALLOWAY and Frances Galloway, Plaintiffs and Respondents,**

v.

**Kim MANGUM, AFCO Development Corporation, a Utah corporation, and Grant Affleck, Defendants and Appellants.**

No. 19844.

Supreme Court of Utah.

Oct. 13, 1987.

Duane A. Burnett, Salt Lake City, for defendants and appellants.

Ellen M. Maycock, Salt Lake City, for plaintiffs and respondents.

*Memorandum of Decision*

HALL, Chief Justice:

When this matter proceeded to trial, defendants AFCO Development Corporation and Grant Affleck were not present, the matter having been stayed as to them because they had each filed a petition in bankruptcy in the federal court. At the conclusion of trial, the judge entered a money judgment against only defendant Kim Mangum based upon a finding of negligent misrepresentation concerning the collateral for plaintiffs' investment.

At the time this case was originally calendared in this Court, it was observed that the judgment did not appear to be final and, in the absence of a determination by the trial court of no just reason for delay and the entry of a final judgment pursuant to the provisions of Utah Rule of Civil Procedure 54(b), that this Court was without jurisdiction. As a consequence, counsel were requested to brief the issue.

The supplemental brief of appellant asserts that Rule 54(b) has no application in this case since AFCO and Affleck have since been discharged in bankruptcy. The brief of respondent simply suggests that in

this instance, we decline to apply the rule. Neither of the positions taken by counsel is consistent with our recent decisions on this point.

Just as in *Freegard v. First Western National Bank*,[1] dispositive of this appeal is the fact that at the time the appeal was taken, plaintiffs' cause of action against AFCO and Affleck had not been resolved and therefore remained pending. The judgment against Mangum was thus not final and not appealable in the absence of a proper certification by the trial court.[2]

In *Freegard*, counsel represented that the trial court had since dismissed the action against the remaining party defendant. However, we concluded that the subsequent dismissal, having occurred after the fact, did not cure the procedural defect which deprived this Court of jurisdiction. The same holds true in the instant case, and the subsequent adjudication in bankruptcy of AFCO and Affleck does not confer jurisdiction on this Court after the fact.

The appeal is dismissed as it was not taken from a final judgment.[3]

STEWART, Associate C.J., ZIMMERMAN, J., and SCOTT DANIELS, District Judge, concur.

HOWE, J., having disqualified himself, does not participate herein.

DANIELS, District Judge, sat.

DURHAM, J., having disqualified herself, does not participate herein.

---

1. 738 P.2d 614 (Utah 1987).

2. *See Olson v. Salt Lake City School Dist.*, 724 P.2d 960, 964–65 (Utah 1986).

3. *See Williams v. State*, 716 P.2d 806, 807–08 (Utah 1986); *Pate v. Marathon Steel Co.*, 692 P.2d 765, 767–68 (Utah 1984).