John Jay DONOHUE, Plaintiff and Appellant,

v.

Jean Claude MOUILLE and Vern E. Krogman, Defendants and Appellees.

No. 950517–CA.

Court of Appeals of Utah.

March 14, 1996.

Stephen W. Cook, Salt Lake City, for Appellant.

Randall L. Skeen, Salt Lake City, for Appellees.

Before ORME, DAVIS and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

John Jay Donohue appeals from the trial court's judgment and order dismissing his complaint and awarding damages to Vern E. Krogman. We dismiss the instant appeal for lack of jurisdiction.

## FACTS

Donohue purchased a 1986 Kenworth tractor, which he thereafter leased to Jean Claude Mouille. However, due to Mouille's financial difficulties, the parties entered into an alleged oral agreement. Under this agreement, Krogman agreed to purchase the Kenworth by taking over Mouille's obligation to make the remaining $1000 installment payments to Associates Commercial Corporation and to pay for all upkeep of the vehicle, taxes, insurance, and licenses. In turn, Mouille agreed to remain liable to Donohue for the $500 profit payments as set forth in the original lease agreement.

Krogman fully performed his obligation under the alleged oral agreement and in June 1993 sought title to the Kenworth. Because Mouille's obligation to pay the $500 profit payments under the original lease remained outstanding, Donohue refused to tender the title to Krogman and demanded that Krogman return the vehicle. Krogman refused, contending he had fully executed the oral agreement and that he therefore owned the Kenworth.

Donohue filed the instant action against Mouille, alleging breach of the 1991 lease agreement and seeking damages. Donohue amended his complaint, adding Krogman as a defendant and seeking a writ of replevin for return of the Kenworth and damages against Krogman for the unauthorized use of the vehicle and for any other damages caused by Krogman. Krogman filed an Answer, Counterclaim, and Cross–Complaint, alleging he and Donohue had entered into an oral agreement to sell the Kenworth and requesting clear title to the vehicle. Krogman's cross-complaint against Mouille alleged Mouille and Krogman had entered into an oral agreement, whereby Mouille agreed to sell the Kenworth to Krogman, that Krogman should recover all sums paid to Mouille, and that Mouille had committed fraud and misrepresentation. Mouille subsequently filed a Notice of Bankruptcy. Further action against Mouille was therefore stayed pursuant to 11 U.S.C. § 362(a) (1994). Mouille was not dismissed as a party in this case nor was the automatic stay modified so as to permit this action to proceed against him.

The case was tried to the bench on March 23, 1995. On April 10, 1995, the trial court issued a Memorandum Decision, granting judgment in favor of Krogman and dismissing Donohue's complaint as against Krogman. The court entered a Judgment and Order on May 23, 1995. Donohue appealed.

## ANALYSIS

The trial court's judgment from which Donohue appeals addresses only those claims pertaining to Donohue and Krogman. The claims against Mouille remain pending against him, even though the automatic stay temporarily protects him from having to defend the litigation in state court. The narrow issue in this case is whether, in the absence of a Rule 54(b) certification, the May 23, 1995 Judgment and Order constitutes a final appealable order.[1]

---

1. There are three requirements under Rule 54(b) of the Utah Rules of Civil Procedure by which a party may seek certification of finality of an order.

   "First, there must be multiple claims for relief or multiple parties to the action. Second, the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action. Third, the trial court, in its discretion, must make a determination that

In its entirety, Rule 54(b) of the Utah Rules of Civil Procedure provides:

(b) **Judgment upon multiple claims and/or involving multiple parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

Utah R.Civ.P. 54(b). The Utah Supreme Court has unequivocally held that failure to have an order certified for appeal under Rule 54(b) "deprives [appellate courts] of jurisdiction over the appeal." *First Sec. Bank v. Conlin,* 817 P.2d 298, 299 (Utah 1991) (per curiam).

In a case where the trial court entered judgment against only one defendant, the matter having been stayed as to the remaining defendants because they had each filed bankruptcy, the Utah Supreme Court has held that in the absence of a determination by the trial court of no just reason for delay and the entry of a final judgment pursuant to Rule 54(b), it was without jurisdiction to consider the appeal. *Galloway v. Mangum,* 744 P.2d 1365, 1365–66 (Utah 1987). In *Galloway,* the supreme court stated, "[D]ispositive of this appeal is the fact that at the time the appeal was taken, plaintiffs' cause of action against [the remaining defendants] had not been resolved and therefore remained pending." *Id.* at 1366. Thus, the court concluded it did not have jurisdiction to consider the appeal. *Id.*

Accordingly, we dismiss Donohue's appeal as it was not taken from a final judgment.

ORME, P.J., and DAVIS, Associate P.J., concur.

'there is no just reason for delay' of the appeal."
*Kennecott Corp. v. State Tax Comm'n,* 814 P.2d 1099, 1101 (Utah 1991) (quoting *Pate v. Marathon Steel Co.,* 692 P.2d 765, 767 (Utah 1984)).

Further, the basic approach for determining when a claim is separate and an order disposing of it is eligible for treatment as a "final" judgment and certification under Rule 54(b) requires that "the facts underlying [the claim] must be different than those underlying other claims in the action." *Kennecott,* 814 P.2d at 1103. We do not reach the question of whether, even if the trial court were requested to certify the May 23 judgment pursuant to Rule 54(b), such certification would be proper.